**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MAY 3 0** 2006

# 27953·077

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GERALD L. ROGERS; R.D. RYNO Jr.;          CASE #

Federal Detention Center, FCI LA TUNA
FEDERAL CORRECTIONAL INSTITUTION
8500 DONIPHAN ROAD, ANTHONY, TX 79821
Phone 915-886-6600      *2113 No· HiGHWAY 175*

**Plaintiffs,**  *SEAGOVILLE, TEXAS*

*75157*

v.                    :   **COMPLAINT FOR DECLARATORY**
                          **and**
UNITED STATES DISTRICT COURTS    :   **HABEAS CORPUS RELIEF AND**
FOR THE CENTRAL DISTRICT OF          **JUDGMENT**
CALIFORNIA, DISTRICT OF COLORADO,  :
AND NORTHERN DISTRICT OF TEXAS,
TOGETHER WITH THE UNITED STATES    CASE NUMBER  1:06CV01010
ATTORNEYS IN THOSE RESPECTIVE
JUDICIAL DISTRICTS;                JUDGE: Emmet G. Sullivan

**Defendants.**      :   DECK TYPE: Pro se General Civil

                          DATE STAMP: ▆▆/2006

---

**PLAINTIFFS NAMED ABOVE ALLEGE:**

## I. JURISDICTION

1. This action, a 28 USC §1331 federal question, arises under the U.S. Constitution Article III §2, First, Fifth, Sixth Amendments and International Covenant on Political and Civil Rights for the unconstitutional use of federal statutes for which judgment for declaratory and habeas relief are sought pursuant to 28 USC §§2201, 2202 and 2241 as hereinafter more fully appears.

## II. PLAINTIFFS' STANDING

2. On April 8, 1982, plaintiff Gerald L. Rogers ("Rogers") was theoretically indicted by a federal grand jury in the Central District of California and is currently incarcerated at the LaTuna Prison Camp, Anthony New Mexico pursuant to the attached Judgment and Commitment Order dated March 26, 1990, attached as Exhibit I.

3. On November 31, 1984, Rogers was again indicted for a double jeopardy securities violation on which he prevailed coupled with a §1341 mail fraud allegation for a business in which he was

ORIGINAL

not a participant by a federal grand jury in the District of
Colorado and is currently incarcerated in La Tuna Prison Camp
in Anthony New Mexico pursuant the Judgment and Commitment Order
dated October 22, 1990, which when combined witht the California
Order, the sentence is for a term of 35 years - Exhibit II.

4. On December 29, 1995 plaintiff R.D. Ryno Jr., was indicted
by a federal grand jury in the Northern District of Texas, Dallas
Division and is currently incarcerated at the Federal Correctional
Institution Seagoville Texas pursuant to the Judgment and
Commitment Order dated August 14, 1996 for a total term of 57
months - see Exhibit III.

## III.  COMPLAINT CONTROVERSIES

5. The above named defendants, hereinafter referred to
as "USA", individually, severally and/or in concert with each other,
under color of United States federal statutes, not applicable in
California, Colorado and/or the state of Texas, have indicted,
convicted, sentenced the plaintiffs and are now attempting to
maintain their Judgment and Commitment Orders that they know to
be void ab initio due to the irrefutable fact of law that jurisdiction
could only be granted by the courts of the United States located
in the federal "states" as defined by Federal Criminal Rules of
Procedures Rule 1(b)(9) to prosecute the alleged violations of
United States law that had to have occurred in those same Rule
1(b)(9) federal states.

Therefore, because alleged violations are only justiciable
in the federal states defined in Rule 1(b)(9), the United States
District Courts for the Central District of California, District

2.

of Colorado and/or Northern District of Texas lacked subject
matter jurisdiction with which to adjudicate the alleged violations
of the federal statutes stated in the respective indictments.

## IV.   STATEMENT OF FACT AND LAW

6.  At the time of the plaintiffs' arraignments, they
both plead "not Guilty".

7.  Plaintiff Rogers was convicted in a 1987 Bench Trial
in the Central District of California and convicted in a 1990
trial by jury in the District of Colorado - see Extraordinary
Circumstances below.

8.  Plaintiff Ryno was convicted in a 1996 trial by
jury in the Northern District of Texas - see Extraordinary
Circumstances below.

9.  On the dates stated on their respective Certificate
of Services, the plaintiffs both filed with their respective
Clerks of the Courts and served the USA their "MOTIONS TO
VOID JUDGMENT DUE TO THE COURT'S LACK OF SUBJECT MATTER JURISDICTION
........", incorporated herein by reference as if fully set forth
as Exhibit IV.

10.  The plaintiffs allege that based the United States
Constitution Article III §2 and the supporting statutes cited
in their "MOTIONS TO VOID JUDGMENTS", Exhibit IV, the defendants
lacked subject matter jurisdiction to (1) conduct the trials for
the prosecutions alleged in the respective indictments; (2) convict
the plaintiffs with the prescribed Federal Criminal Rules that
were specifically authorized by Congress for the use in the federal
"states (Rule 1(b)(9) and (3) sentence the plaintiffs without a
plea of guilt as required by 18 USC §§ 3673 and 3551.

## V.  EXTRAORDINARY CIRCUMSTANCES

### A.  California - Plaintiff Rogers

10.  On April 8, 1982, the defendant Central District of California United States Attorney and its Assistants, Leon Weidman and Lourdes Baird, fabricated the U.S. v. Rogers CR-82-292 indictment as evidenced on it face that it was not signed by the court's authorized foreperson or deputy, but by a party represented to be an "assistant foreperson". This flaw in the indictment also indicated that there was not a quorum present. When the plaintiff attempted to move the court to dismiss the indictment, the U.S. Attorney first "purged" its files and to comport, the Motion to Dismiss and supporting pleadings were removed from the Clerk's file together with the Docket Sheet was altered.

11.  The U.S. Attorney, as evidenced by the U.S. V. Rogers Colorado 84-CR-337 grand jury testimony of Pierce O'Donnell, Rogers' Attorney, it was discovered 9 years after the California trial that his lawyers had been coerced to be government operatives to subvert the plaintiff's defenses, including having him waive a trial by jury to avoid writing "jury instructions" which by Ninth Circuit case law, **U.S. v. Freeman** 761 F 2d 549 for the alleged 26 USC §7206(2) violations, the government would have to had proved that Rogers caused his clients to attempt or evade their federal income tax - the record was void of tax evasion evidence.

12.  Upon direct appeal and subsequent §2255 Motions, neither the District Court nor the Ninth Circuit would address the Circuit's controlling **Freeman** precedent and/or the irrefutable fact that the plaintiff's lawyers were government operatives.

4.

**B.   Colorado - Plaintiff Rogers**

13.   On November 31, 1984, the defendant USA through its
Denver Colorado U.S. Attorney and "Special AUSA Lawrence Kiser of the
SEC, after coercing Rogers' Attorney Pierce O'Donnell to testify
and lie, had a federal grand jury return the U.S. v. Rogers
84-CR-337 indictment for a double jeopardy prosecution of
SEC v. Rogers (790 F 2d 1450) in which Rogers prevailed, coupled
with §1341 mail fraud charges for a business in Canada in which
Rogers was not a participant.

14.   On August 22, 1990, in the jury trial with Rogers
representing himself in pro se, in addition to ex-judge Finesilver
attempting to shout-down Rogers cross examination of the witnesses,
the grand jury and trial record evidencing that 9 witnesses had
been either suborned or bribed, (the handwritten instructions
by former AUSA Gerald Rafferty proved the subornation of star
witness Mario Fonsec Lopez, Rogers' former Panama Attorney),
together with, post trial, the admissions by jurors that they
had used the SEC v. Rogers double jeopardy evidence to support
convicting Rogers for the unrelated Canadian business, the jury
returned a verdict of guilty on all counts.

15.   On direct appeal, unaware that the trial Judge
Sherman Finesilver had massively altered the trial transcripts
by change and omission, including the confession of government
star witness Gary Coomber, owner of the Canadian business,
confessing that Rogers was not involved, (960 F 2d 1501),
antithetical to the Supreme Court in **Dowling v. United States**
(1990) 493 US 342) ruling that prosecutors were collateral

5.

estopped from using double jeopardy evidence from a case in which
the plaintiff prevailed, and in the face of knowing that the
jurors used the collateral estopped evidence to convict the
plaintiff in the unrelated Canadian business, the Tenth Circuit
Court of Appeals denied the plaintiff equal protection of law
and affirmed the conviction together with the District Court's
sentence equaling 35 years.

16.    After the appeal and petitioning for Certiorari, for
the first time upon receipt of the trial transcripts, Rogers
discovered that they had been massively and substantively altered.
Rogers immediately filed for habeas relief - which was denied
in the face of both the transcripts being altered and his
pre-trial lawyers being government operatives.  Subsequent to filing
the first §2255, the Tenth Circuit Judicial Council examined the
trial audio tapes, which resulted in former Judge Finesilver to be
forced into retirement at half pay, but to cover-up the Council
then had its private investigator, Denver Attorney Charles Kall,
a known social friend of Finesilver steal the audio tapes out of
the court clerk's office.

## C.    Texas - Plaintiff Ryno

17.    After the grand jury returned the indictment 3:95-CR-357,
the United States Attorney for the Northern District of Texas
offered Ryno a deal if he would testify against his co-defendant
Steven R. Crouch.  When Ryno insisted that he could not testify,
even if he was inclined to, due to the fact that he had no
knowledge of what the government had alleged, (transporting
stolen cars), the government then inturn terminated Crouch's
indictment to testify and lie to convict Ryno.

6.

## VI.  DECLARATORY RELIEF SOUGHT

### FIRST CAUSE OF ACTION RELIEF

Incorporating paragraphs 1 through 17 as if fully set forth herein by reference, declare that the following conclusions of law and/or, statements of law as they relate to the Constitution, United States District Courts and prosecutions of violations of law as proscribed by Title 15 and 18 are true and correct, individually, severally or totally:

i) the words "district court of the United States" as appears in 18 USC §3231, references Article III Constitutional Courts as constituted in 28 USC Chapter 5, and with specificty, does not include the United States District Courts for the Central District of California, District of Colorado and/or the Northern District of Texas as having Article III powers and jurisdcition;

ii) the words "United States district courts" (lower case "d" and "c") in FCrRP Rule 1(a)(1), which appeared formerly in the 2002 Edition of Rule 1 as "courts of the United States", is referencing the same "district courts of the United States" Article III Court as mentioned in ¶3231;

iii) the Title 18 USC §§5, 7 and §23 defining "United States" "maritime and territorial jurisdiction" and "courts of the United States", respectively, as those sections apply to establish §3231 jurisdiction for violations of United States law proscribed by Titles 15 and 18, limits the adjudication of those violations to "courts of the United States" located in the federal "states" as defined in FCrRP Rule 1(b)(9);

vi)  the Title 15 and 18 violations alleged as encompassed by the applicable violations as described by former Rule 54(c)

7.

"Application of Terms" of "Act of Congress" as appears on page 200 of Criminal Rules 2005 Edition, now referred to a "federal statute", are intended to be justiciable pursuant to the controlling jurisdiction statutes, §§5, 7 and §23 as combined with §3231, in the federal "states" as described by Rule 1(b)(9), not in any of the States of the United States Union;

v)  the "Verdict" of guilt that may be derived from a trial by jury under FCrRP Rule 31, codified as 18 USC §3531, applies only to trials and conviction for violations of United States law that are exclusively justiciable in the "courts of the United States" located in the federal "states" defined by FCrRP Rule 1(b)(9), for proceedings as delineated in FCrRP Rule 1(a)(2)(4);

vi)  to be "found guilty" pursuant to 18 USC §3673 for the violations alleged in the subject indictments that occurred in California, Colorado and/or Texas and impose an "authorized sentence" under 18 USC §3551, the plaintiffs, individually, would have had to volunteer to enter into a plea of guilt, or plea nolo contendre acceptable to the court pursuant to §3673;

vii)  the Federal Criminal Rules of Procedure et seq., do not apply and/or provide a procedure with which to prosecute and adjudicate the alleged violations of United States laws by the plaintiffs in the states of California, Colorado and Texas, but do "expressly" apply to the violations of United States law committed in the federal "states" stated in FCrRP Rule 1(b)(9).

## SECOND CAUSE OF ACTION RELIEF

Incorporating paragraphs 1 through 17 as if fully set forth herein by reference, grant the following declaratory relief:

i) Order that the United States District Court for the

Central District of California lacked subject matter jurisdiction, thus its judgment in U.S. v. Rogers CR-82-0292, dated July 1, 1994, is void, ab initio; and/or,

ii) Order that the plaintiff Rogers' 10 year sentence to federal prison was not authorized pursuant to 18 USC §3673 and §3551, therefore, must be vacated with prejudice; and/or,

iii) Order that the CR-82-0292 indictment be dismissed because it was not signed as required by FCrRP Rule 6(c); and/or,

iv) Order that the indictment must be dismissed, with prejudice, due to the fact that it was not returned in open court as required by FCrRP Rule 6(f) together with for reasons that a quorum was not present pursuant to Rule 6(a); and/or,

v) Order that the plaintiff Rogers' CR-82-0292 conviction must be reversed for violations of the Constitution:

a. pursuant to the Fifth Amendment due process clause for failure to grant the plaintiff the equal protection of the Ninth Circuit controlling case law, **U.S. v. Freeman, supra;** or

b. pursuant to the Sixth Amendment intrusion on plaintiff's counsel violation; or,

c. pursuant to the First Amendment for violating the plaintiff's Freedom of Speech protection.

### THIRD CAUSE OF ACTION RELIEF

Incorporating paragraphs 1 through 17 as if fully set forth herein by reference, grant the following declaratory relief:

i) Order that the United States District Court of Colorado, lacked subject matter jurisdiction, thus its judgment of conviction and commitment in U.S. v. Rogers 84-CR-337, dated October 22,

· 1990, is void, ab initio; or,

ii) Order that the plaintiff Rogers was not "found guilty" as required by 18 USC §3673, thus, the 25 year federal prison sentence was not authorized under §3551 and therefore, must be vacated, with prejudice; and/or,

iii) Order that the 84-CR-337 indictment be dismissed with prejudice due to the fact that it was not returned in open court pursuant to FCrRP Rule 6(f).

### FOURTH CAUSE OF ACTION  RELIEF

Incorporating paragraphs 1 through 17 as if fully set forth herein by reference, grant the following declaratory relief:

i) Order the United States District Court for the Central District of California to re-instate the plaintiff's right to file for habeas corpus relief to conduct hearings to prove that the CR-82-0292 indictment was not returned by a federal grand jury as required by the Fifth Amendment of the U.S. Constitution; thus, must be dismissed with prejudice; and/or,

ii) Order habeas relief for the United States District Court of Colorado, Denver, to conduct hearings concerning the equal protection of law issues arising from the jurors using the collateral estopped evidence to convict the plaintiff Rogers for the Canadian Counts based of the French Guiana evidence, hearings on the trial transcript alterations and cover-up with the theft of the audio tapes from the clerk's office; and

iii) Order hearings on the bribery of the subornation and bribery of witnesses in 84-CR-337.

10.

## FIFTH CAUSE OF ACTION RELIEF

Incorporating paragraphs 1 through 17 as if fully set forth herein by reference, grant the following declaratory relief:

i) Order that the United States District Court for the Northern District of Texas, Dallas Division for the prosecution of U.S. v. Ryno Jr., in 3:95-CR-357, lacked subject matter jurisdiction, thus its judgment and commitment order, dated August 14, 1996 is void, ab initio; and/or,

ii) Order that the plaintiff Ryno was not found "guilty" as required by 18 USC §3673, thus, the 57 month prison term was not authorized under §3551 and therefore, the sentence must be vacated, with prejudice; and/or

iii) Order that hearings be conducted on the government's use of bribery to facilitate Ryno's conviction.

## SIXTH CAUSE OF ACTION RELIEF

Incorporating paragraphs 1 through 17 as if fully set forth herein by reference, grant the following habeas relief:

i) Order that the defendant United States of America Courts named herein, order the U.S. Bureau of Prisons to release the plaintiffs from prison, forth with.

## SEVENTH CAUSE OF ACTION RELIEF

Incorporating paragraphs 1 through 17 as if fully set forth herein by reference, grant the following monetary relief:

i) Pursuant to the International Covenant On Political and Civil Rights, Article 14.6, Order that the plaintiffs be renumerated for the period of time that they have been falsely incarcerated.

ii) Order any other monetary relief deemed just.

## VII.   VERIFIED COMPLAINT

The plaintiffs, Gerald L. Rogers and R.D. Ryno Jr, swear under the penalty of perjury that the factual allegations made in this complaint for declaratory and habeas relief are true and correct.

Done in the City of Seagoville Texas on the 15th day of March, 2006 -

Declarant and Plaintiff                    Declarant and Plaintiff

Gerald L. Rogers                           R.D. Ryno Jr.

MAILING ADDRESS

c/o  ACTION LAW
     P.O. BOX 3254
     SEATTLE WA 98114

**United States District Court** for

United States of America vs.

Central District of California

Gerald L. Rogers

**DEFENDANT**

6574 Dume Dr. Malibu, CA 90265   DOCKET NO. CR82-292 RMT

**ENTERED**

\*\*CORRECTED\*\*\*   \*\*\*CORRECTED\*\*\*

**JUDGMENT AND PROBATION/COMMITMENT ORDER**   AO-245 (9/82)

APR 9 1990

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

| MONTH | DAY | YEAR |
|---|---|---|
| 3 | 26 | 90 |

**COUNSEL**

In the presence of the attorney for the government the defendant appeared in person on this date

[ ] WITHOUT COUNSEL   However ___ and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.

[ X ] WITH COUNSEL   Defendant in Pro Per with Advisory Counsel Yolanda Valdivieso, DFPD
(Name of Counsel)

**PLEA**

[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea,

[ ] NOLO CONTENDERE,   [ XX ] NOT GUILTY

\* Page one of two

**FINDING & JUDGMENT**

There being a finding/verdict of { [ ] NOT GUILTY. Defendant is discharged

[ XX ] GUILTY.

Defendant has been convicted as charged of the offense(s) of 18 USC 1341: Mail Fraud, as charged in counts 1-2 and 4-9 of the indictment. 26 USC 7206(2): Aiding and assisting the preparation of false income tax returns, as charged in counts 10-30 of indictment.

**SENTENCE OR PROBATION ORDER**

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five years on Count 1. It is adjudged that the defendant is hereby committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment, for a term of five years on Count 2, and that Count 2 shall run consecutive to Count 1 for a total term of imprisonment of term of ten years. He shall become eligible for parole under 18 USC 4205(a) upon serving one third of such term. It is further adjudged that on Counts 4 through 9, imposition of sentence is hereby suspended, and the defendant is placed on probation for a period of five years. Such counts are to be run concurrent with each other but consecutive to the period of custody imposed on Counts 1 and 2, including any period of parole or other supervised time.

**SPECIAL CONDITIONS OF PROBATION**

The terms and conditions of probation are as follows: 1. The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; 2. The defendant shall provide on a monthly basis to the Probation Officer a financial statement, with supporting documentation, as to his source of income and his expenses; 3. All employment, including self-employment is

In addition to the special conditions of probation imposed above it is hereby ordered that the general conditions of probation set out on the reverse of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

06 1010

**COMMITMENT RECOMMENDATION**

The court orders commitment to the custody of the Attorney General and recommends

MAR 30 1990   CLERK, U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

CIVIL
FISCAL

FILED

MAY 30 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

on page two

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

SIGNED BY
[XX] U.S. District Judge

APR

Robert M. Takasugi

Date 3/30/90

Victor P. Cruz
Court Clerk

**EXHIBIT A**

1

UNITED STATES OF AMERICA

vs.

GERALD L. RODGERS

Case No. CR 82-292 RMT

JUDGMENT AND PROBATION/
COMMITMENT ORDER

Page Two


to be submitted to the Probation Officer for prior approval.

The defendant is advised of his right to appeal pursuant to Rule 32(A)2
of the Federal Rules of Criminal Procedures.


3/30/90
Date

ROBERT M. TAKASUGI
UNITED STATES DISTRICT JUDGE
CENTRAL DISTRICT OF CALIFORNIA

Victor P. Cruz, Deputy Clerk
United States District Court
Central District of California

ENTERED

APR 0 1990

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

EXHIBIT 1

AO 245 (Rev. 8/87) Judgment in a Crim

**FILED**
UNITED STATES DISTRICT
DENVER, COLORADO

NOV 5 1990

# United States District Court

_____ DISTRICT OF ___COLORADO___

JAMES R. MANSPEAKER
CLERK
BY_____
DEP. CLERK

UNITED STATES OF AMERICA

V.

GERALD LEO ROGERS
    aka T.T. Smith III, Claude de Bleu,
    Allan J. Martin, James F. Stokes,
    J.R. Kingston and Ambrose I. Goldsmith

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   84-CR-337-1

(Name and Address of Defendant)

Charles Szekely, Asst. Federal Public Defender
Advisory ~~ATTORNEY FOR DEFENDANT~~ Counsel

THE DEFENDANT ENTERED A PLEA OF:

[□ guilty  □ nolo contendere] as to count(s)_____, and
□ not guilty as to count(s)_____.

THERE WAS A:
[□ finding  ☒ verdict] of guilty as to count(s) I thru X and XII thru XIV on September 6, 1990____.

THERE WAS A:
[□ finding  □ verdict] of not guilty as to count(s)_____.
  □ judgment of acquittal as to count(s)_____.
    The defendant is acquitted and discharged as to this/these count(s).

THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF:  Mail Fraud in violation of 18 U.S.C. §1341 as to Counts I,II,III,IV,V,VI,VII,VIII,IX and X and Securities Fraud in violation of 15 U.S.C. §77q(a)and 77x and 18 U.S.C. §2 as to Counts XII,XIII and XIV.

**EXHIBIT**
a

IT IS THE JUDGMENT OF THIS COURT THAT:  Defendant is committed to the custody of the Attorney General or his duly authorized representative to five (5) years imprisonment as to Counts I,XII and XIII to be served concurrently; five (5) years as to Counts II,V and VI to be served concurrently with each other and consecutively to Counts I, XII and XIII. Defendant is further committed to five (5) years on each of Counts III,VII and VIII to be served concurrently with each other and consecutively to Counts I,II,V,VI,XII and XIII; five (5) years as to Counts IV,IX and X to be served concurrently with each other and consecutively to Counts I,II,III,V,VI,VII,VIII,XII and XIII; five (5) years on Count XIV to be served consecutively to the terms imposed in Counts I thru X, XII and XIII for a total term of imprisonment of twenty-five (25) years. All terms are consecutive to Docket #82-CR-292 imposed in the Central District of California on March 26, 1990.

   IT IS FURTHER ORDERED as to Counts I thru X that defendant shall pay a fine of $1,000.00 per Count for a total of $10,000.00.

   IT IS FURTHER ORDERED as to Counts XII, XIII and XIV that defendant shall pay a fine of $10,000.00 per Count for a total of $30,000.00. Total fine imposed on all Counts is $40,000.00, payable upon execution.

In addition to any conditions of probation imposed above, IT IS ORDERED that the conditions of probation set out on the reverse of this judgment are imposed.

**FILED**
MAY 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1010

EXHIBIT II

## CONDITIONS OF PROBATION

robation has been ordered the defendant shall:

.frain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer;

associate only with law-abiding persons and maintain reasonable hours;

work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. (When out of work notify your probation officer at once, and consult him prior to job changes);

,4)  not leave the judicial district without permission of the probation officer;

(5)  notify your probation officer immediately of any changes in your place of residence;

(6)  follow the probation officer's instructions and report as directed.

The court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

IT IS FURTHER ORDERED that the defendant shall pay a total special assessment of $ _____
pursuant to Title 18, U.S.C. Section 3013 for count(s) _____ as follows:


IT IS FURTHER ORDERED THAT counts_____ are DISMISSED
on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall pay to the United States attorney for this district any amount imposed as a fine, restitution or special assessment. The defendant shall pay to the clerk of the court any amount imposed as a cost of prosecution. Until all fines, restitution, special assessments and costs are fully paid, the defendant shall immediately notify the United States attorney for this district of any change in name and address.

IT IS FURTHER ORDERED that the clerk of the court deliver a certified copy of this judgment to the United States marshal of this district.

☒  The Court orders commitment to the custody of the Attorney General and recommends:
   **Designation to a Federal prison facility on the West Coast.**

---

October 22, 1990
_____
Date of Imposition of Sentence

_____
Signature of Judicial Officer

SHERMAN G. FINESILVER, Chief Judge
_____
Name and Title of Judicial Officer

November  5 , 1990
_____
Date

I, the undersigned, Clerk of the United States District Court for the District of Colorado, do certify that the foregoing is a true copy of an original document remaining on file and record in my office.

WITNESS my hand and SEAL of said Court this __ day of _____ 19__

JAMES R. MANSPEAKER

By _____
              Deputy

**RETURN**

I have executed this **Judgment** as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at
                              Date

_____, the institution designated by the Attorney General, with a certified copy of this Judgment in a Criminal Case.

_____
United States Marshal

By _____
Deputy Marshal

EX II



## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

# To all to whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

under the seal of the National Archives and Records Administration, that the attached reproduction(s) is

a true and correct copy of documents in his custody.

| SIGNATURE | | |
|---|---|---|
| *Tuila Gore* | | |
| NAME | | DATE |
| KENT C. CARTER | | 2·24·06 |
| TITLE | | |
| Regional Director | | |

NAME AND ADDRESS OF DEPOSITORY
Office of Regional Records Services
Southwest Region
501 W. Felix St., Bldg. 1
Fort Worth, TX 76115

✩ U.S. GOVERNMENT PRINTING OFFICE. 1993–362–762/99108

NA FORM 13040 (10–86)

| 18 U.S.C. § 511 | Altering Vehicle Identification Numbers | 01/31/1991 | 3 |
| 18 U.S.C. § 2213 | Sale and Receipt of Stolen Vehicles | 03/31/1991 | 4 |

See Additional Counts of Conviction - Sheet   1.01

The defendant is sentenced as provided in pages 2 through    6   of this judgment. The sentence is imposed pursuant
to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s)   10

Count(s)                                   (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any
change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this
judgment are fully paid.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   06/03/1936

Defendant's USM No.:   27953-077

Defendant's Residence Address:

7201 Richland Road

Fort Worth                    TX        76118

Defendant's Mailing Address:

7201 Richland Road

Fort Worth                    TX        76118

08/13/1996
Date of Imposition of Judgment

*A. Joe Fish*
Signature of Judicial Officer

A. JOE FISH

UNITED STATES DISTRICT JUDGE
Name & Title of Judicial Officer

August 14, 1996
Date

cv 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court

FI

AUG 14 1996

## Northern District of Texas

UNITED STATES OF AMERICA

v.

R. D. RYNO, JR.

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number:   3:95CR00357-001

George Milner/Gary Udashen

Defendant's Attorney

### THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☑ was found guilty on count(s)   1 - 9, 11 - 13 of the 18 count Indictment filed on November 28, 1995.
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C.  §  371 | Conspiracy to Defraud the United States | 05/31/1991 | 1 |
| 18 U.S.C.  §  2312 | Transportation of Stolen Vehicles | 01/31/1991 | 2 |
| 18 U.S.C.  §  511 | Altering Vehicle Identification Numbers | 01/31/1991 | 3 |
| 18 U.S.C.  §  2213 | Sale and Receipt of Stolen Vehicles | 03/31/1991 | 4 |

See Additional Counts of Conviction - Sheet   1.01

The defendant is sentenced as provided in pages 2 through   6.   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)   10

☐ Count(s)                                                 (is)(are)  dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   06/03/1936

Defendant's USM No.:   27953-077

Defendant's Residence Address:

7201 Richland Road

Fort Worth                         TX       76118

Defendant's Mailing Address:

7201 Richland Road

Fort Worth                         TX       76118

08/13/1996

Date of Imposition of Judgment

Signature of Judicial Officer

A. JOE FISH

UNITED STATES DISTRICT JUDGE

Name & Title of Judicial Officer

August 14, 1996

Date

R. D. RYNO,

CASE NUMBER:    3:95CR00357-001

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2321 | Trafficking in Vehicles with Altered Vehicle Identification Numbers | 03/31/1991 | 5 |
| 18 U.S.C. § 2213 | Sale and Receipt of Stolen Vehicles | 12/31/1990 | 6 |
| 18 U.S.C. § 2321 | Trafficking in Vehicles with Altered Vehicle Identification Numbers | 12/31/1990 | 7 |
| 18 U.S.C. § 511 | Altering Vehicle Identification Numbers | 01/31/1991 | 8 |
| 18 U.S.C. § 2321 | Trafficking in Vehicles with Altered Vehicle Identification Numbers | 02/28/1991 | 9 |
| 18 U.S.C. § 2321 | Trafficking in Vehicles with Altered Vehicle Identification Numbers | 12/31/1990 | 11 |
| 18 U.S.C. § 513 | Possession of Counterfeit Securities | 12/31/1990 | 12 |
| 18 U.S.C. § 2321 | Trafficking in Vehicles with altered Vehicle Identification Numbers | 02/28/1991 | 13 |

R. D. RYNO, JR.

CASE NUMBER:    3:95CR00357-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    **57    month(s)**

On each of counts 1,2,3,4,5,6,7,8,9, and counts 11,12,13 to be served concurrently.

The court makes the following recommendations to the Bureau of Prisons:

The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district:

at _____ a.m./p.m.  on _____

as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

before _____ p.m. on    **09/04/1996**

as notified by the United States Marshal.

as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy U.S. Marshal

R. D. RYNO, JR.

ASE NUMBER:    3:95CR00357-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    3    year(s)

On each of counts 1,2,3,4,5,6,7,8,9 and counts 11,12,13 to be served concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

For offenses committed on or after September 13, 1994:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply _____ standard conditions that have been adopted by this court _____. The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Sheet 3.01

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        R. D. RYNO, JR.
CASE NUMBER:      3:95CR00357-001

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall make restitution in th amount of $34,405, payable to the U.S. District Clerk for disbursement to: Motors Insurance Corporation, P. O. Box 660802, Dallas, TX 75266-0802, Claim Nos. 6029201, 6160267, 6174217, and 6176917, in the amount of $23,666; Allstate Insurance, 4400 College Park Boulevard, Suite 200, Overland Park, KS 66211, Claim No. 6720220299, in the amount of $4,160; USF & G Insurance, P. O. Box 25934, Overland Park, KS 66225, Claim No. AOTC 217220011, in the amount of $5,089; Federated Mutual Insurance Company, P. O. Box 419444, Kansas City, MO 64141, Claim No. LM-45A-117295, in the amount of $1,490. Payment shall begin while the defendant is incarcerated, and the balance shall be payable through monthly installments of at least $1,000.

The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant is in compliance with the payment schedule.

The defendant shall provide to the probation officer any requested financial information.

The defendant shall not maintain employment, self-employed or otherwise, in any aspect of the automobile business.

ary Penalties

DANT:          R. D. RYNO, JR.
CASE NUMBER:      3:95CR00357-001

Judgment-Page    5    of

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution, (3) fine principal; (4) cost of prosecution, interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ___ in full immediately; or

B ___ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ___ not later than _____ ; or

D ___ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation offic shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ___ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____
over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed

Special instructions regarding the payment of criminal monetary penalties:

**Payment shall begin while the defendant is incarcerated, and the balance shall be payable through monthly installments of at least $1,000.**

___ The defendant shall pay the cost of prosecution.

___ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT     R. D. RYNO, JR.
CASE NUMBER:   3:95CR00357-001

Judgment-Page   4   of

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $   600.00 | $ | $   34,405.00 |

If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . $

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

The interest requirement is waived.

The interest requirement is modified as follows:

## RESTITUTION

The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Motors Insurance Corporation | $104,512.30 | $23,666.00 | |
| Allstate Insurance | $104,512.30 | $4,160.00 | |
| USF & G Insurance | $104,512.30 | $5,089.00 | |
| Federated Mutual Insurance Company | $104,512.30 | $1,490.00 | |
| Totals: | $   104,512.30 | $   34,405.00 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994.

Sheet 6 - Statement of Reasons

Judgment-Page  5

DEFENDANT:        R. D. RYNO, JR.
CASE NUMBER: `    3:95CR00357-001

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

OR

The court adopts the factual findings and guideline application in the presentence report except (see attachm
necessary):

## Guideline Range Determined by the Court:

Total Offense Level:        24

Criminal History Category:        1

Imprisonment Range:        51    to        63        months

Supervised Release Range:        2    to    3        years

Fine Range: $        10,000.00        to $        100,000.00

Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $        104,512.30

Restitution is not ordered because the complication and prolongation of the sentencing process res
the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuan
§ 3663(d).

For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 11(
113A of Title 18, restitution is not ordered because the economic circumstances of the defendant d
the payment of any amount of a restitution order, and do not allow for the payment of any or some
restitution order in the foreseeable future under any reasonable schedule of payments.

Partial restitution is ordered for the following reason(s):

**Based on the defendants ability to pay.**

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds
to depart from the sentence called for by the application of the guidelines.

OR

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is impose
following reason(s):

OR

The sentence departs from the guideline range:

upon motion of the government, as a result of defendant's substantial assistance.

for the following specific reason(s):

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER

UNITED STATES OF AMERICA,

    Plaintiff

vs.

GERALD L. ROGERS,

    Defendant

No.  CR-84-CR-337

---

**RULE 60 (b) (4) MOTION TO VOID JUDGMENT OF CONVICTION FOR LACK OF
SUBJECT MATTER JURISDICTION**
or, in the alternative,
**PURSUANT SUPREME COURT IN GONZALES v. CROSBY (2005) TO GRANT
HABEAS RELIEF DUE TO SUBSTANTIVE CHANGE TO APPELLATE RULE 16 (e).**

**MOTION TO VOID JUDGMENT -
PAGE 1**
Software © 1996 by "Zamboni" John Scannell

 COPY

GERALD  ROGERS C/0ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

# CONTENTS

| | Page |
|---|---|
| I.  MOTION | 1 |
| II.  JURISDICTION | 2 |
| III.  HISTORICAL FACTS AND EXTRAORDINARY CIRCUMSTANCES | 3 |
| IV.  COURT LACKED SUBJECT MATTER JURISDICTION | 7 |
| A.  CONTROLLING CONSTITUTION LAW AND STATUTES | 7 |
| B.  FEDERAL CRIMINAL RULES - NOT APPLICABLE IN STATES OF THE UNION | 10 |
| C.  STATUTES CONTROLLING JURISDICTION | 13 |
| V.  COURT LACKED AUTHORITY TO SENTENCE DEFENDANT | 15 |
| A.  JURY VERDICT MOOT | 16 |
| B.  CONTROLLING STATUTES | 16 |
| VI.  LEGAL ARGUMENT | 17 |
| A.  STATUTORY LAW PRECLUDES JURISDICTION | 17 |
| B.  CONSTITUTIONAL LAW CONTROLS JURISDICTION | 20 |
| VII. CONCLUSION | 23 |
| VIII. HABEAS RELIEF IS MANDATORY PURSUANT TO GONZALES | 23 |
| A.  SUBSTANTIVE CHANGE OF APPELLATE RULE 16 | 23 |
| B.  GONZALES SUPRA MANDATES A HEARING SHOUD BE CONDUCTED ON ALL OF THE NEW EVIDENCE. | 25 |
| IX CONCLUSION | 29 |

MOTION TO VOID JUDGMENT -
PAGE 2
Software © 1996 by "Zamboni" John Scannell

GERALD  ROGERS C/0ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER

UNITED STATES OF AMERICA,

    Plaintiff

vs.

GERALD L. ROGERS,

    Defendant

No. 84-CR-337

---

**RULE 60 (b) (4) MOTION TO VOID JUDGMENT OF CONVICTION FOR LACK OF SUBJECT MATTER JUISDICTION**
**or, in the alternative,**
**PURSUANT SUPREME COURT IN GONZALES v. CROSBY (2005) TO GRANT HABEAS RELIEF DUE TO SUBSTANTIVE CHANGE TO APPELLATE RULE 16 (e).**

## I.  MOTION

Defendant Gerald L. Rogers ("Rogers") pro se, moves this Honorable Court pursuant to

Federal Rules of Civil Procedure ("FRCivP") Rule 60 (b) (4) to void the judgment of conviction

in the above captioned case entered on October 22, 1990 for lack of subject matter jurisdiction

under Federal Criminal Rules of Procedure ("FCrRP") 1(b)(9) and supporting Title 18  USC

Section 5, 7, 23; and sec 3231, limiting jurisdiction to Federal State Courts.

**MOTION TO VOID JUDGMENT -**
**PAGE 1**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

**OR, IN THE ALTERNATIVE:**

Pursuant to Supreme Court's ruling in **Gonzales v. Crosby** (June 2005) 162 LEd 2d 480

note 9, grant habeas relief under Rule 60 (b) (6) due to substantive change in Appellate Rule 16

(e) to make the "record conform to the truth," together with conducting a hearing on the new

evidence as was submitted in the subject 1993.  Section 2255 motion for habeas relief.

**II.  JURISDICTION**

The Tenth Circuit Court of Appeals has long held that post trial jurisdiction for a Federal

Rule of Civil Procedure Rule 60 (b) (4) and (6) relief is proper.  "Rule 60 (b) (4) which provides

relief from void judgment is not subject to any time limitations" - see **VTA Inc. v. Airco** (1979)

579 F2d 224 n. 9.  In **Tafoya v. U.S. Department of Justice** (10th Cir. 1984) 748 F2d 1389,

1930 the court ruled:

> ["insofar as subject matter jurisdiction is concerned....a federal court
> must....satisfy itself of its power to adjudicate in every case and at every stage of
> the proceeding of the parties"]....

Therefore, pursuant to **Wilmer v. Board of County Commissioners** (10th Circuit) 69

F3d 406, 409 "to deny jurisdiction would undermine the efficacy of Rule 60 (b) (4) and due to

the "extraordinary circumstances" that the court never had jurisdiction to prosecute the defendant

and (2) defendant's Section 2255 was never determined on the merits, accordingly, this court has

the jurisdiction to adjudicate the 60(b) Motion herein.

Although two courts have ruled that a CR 60 motion is inapplicable in a criminal

proceeding.

**MOTION TO VOID JUDGMENT - PAGE 2**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

## III. HISTORICAL FACTS AND EXTRAORDINARY CIRCUMSTANCES

1. On November 31, 1984, a federal grand jury returned an indictment against the defendant and others alleging violations of Title 18 USC Section 1341 mail fraud and Title 15 USC Sections 77q (a) and 77x for securities fraud.

2. The Denver District Court claimed jurisdiction of the Canadian Counts alleged to have occurred in the District of Colorado together with the jurisdiction of the double jeopardy **SEC v. Rogers** 790 F 2d 1450 Counts that occurred in the Central District of California, Los Angeles - venue of the case was duly challenged together with the double jeopardy Counts before commencement of trial.

3. On August 15, 1990, without a ruling from the Tenth Circuit Court of Appeals to dismiss the double jeopardy counts, pre-trial, trial was commenced.

4. On September 5, 1990 utilizing the double count allegations and evidence, accounting for approximately 65% of the trial testimony and physical exhibits, the jury returned a conviction on all counts.

5. On October 22, 1990, the Court entered a judgment of conviction and sentenced the defendant to 25 years in prison to run consecutive with an existing 10 year sentence in U.S. v. Rogers CR-82-0292.

6. On October 22, 1990, post sentencing, the defendant gave notice of appeal.

7. Between the October 22nd sentencing date and the date that the trial transcripts were delivered to defendant's counsel, Stephen Wheeler to utilize for filing the appeal in February of 1991, the irrefutable evidence, as supported in defendant's 1993 Section 2255 Motion

**GERALD ROGERS C/O ACTIONLAW.NET**
**P.O. BOX 3254**
**SEATTLE, WASH., 98114**
**206-624-3685**

incorporated herein by reference as if fully set forth, shows that the record utilized by both counsel and the Tenth Circuit Court of Appeals' panel was massively and substantively altered by change and omission. Among the 12 identifiable alterations the entire confession of the government's star witness, owner of the subject Canadian Count business, Gary Coomber was edited from the transcript record - Coomber confessed that Rogers was not his associate in Canada, nor was involved in the tax shelter sales as Coomber had just falsely testified on direct examination to have his indictment dismissed.

8. On February 15, 1991 defendant's appellate brief was filed by Denver counsel Wheeler, who had not attended the trial, nor did he have prior knowledge that the transcripts had been altered.

9. On April 2, 1992, presumably also unaware of the massive and substantive transcript alterations, the Tenth circuit panel collaterally estopped the double jeopardy SEC v. Rogers counts I-IV, but affirmed the remaining counts V-X and XII-XIV, admittedly utilizing the estopped counts evidence to affirm the unrelated Canadian Counts.

10. On April 2, 1992, the Tenth Circuit panel justified its affirmation of utilizing collateral estopped evidence by ruling antithetical to the Supreme Court's controlling case law on collateral estopped evidence, **Dowling v. United States** (1990) 493 US 342. Citing **Dowling** id., the panel erroneously ruled that the Supreme Court had authorized that the jurors' use of collaterally estopped evidence from a prior case such as the double jeopardy **SEC v. Rogers** prosecution in which judgment was entered in favor of Rogers, to convict the defendant in an unrelated case (Canadian business counts) was permissible.

**MOTION TO VOID JUDGMENT -
PAGE 4**
Software © 1996 by "Zamboni" John Scannell

11. In June of 1993, after being denied Certiorari by the Supreme Court, the 84-CR-337 trial transcripts were delivered to the defendant and at which time he discovered that that the transcripts had been massively and substantively altered by change and omission, he filed for habeas relief.

12. In January of 1994, and again in November of 1994, in the face of a plethora of evidence, including statements of 4 jurors, two witnesses under oath, electronic forensics on the altered sentencing tapes and ultimate theft of the trial audio tapes from the Clerk's files, in the court's anger that the defendant had accused his colleague, the recused trial judge, former Chief Judge Sherman Finesilver of making the alterations, without regard to the merits on the new evidence presented, denied habeas relief - without prior knowledge of what occurred during trial, he summarily declared the defendant's factual allegations as "preposterous and absurd."

13. Pursuant to Supreme Court controlling case law on habeas hearings, **Townsend v. Sain** (1965) 372 US 293, the habeas court was to conduct a hearing to "make the record conform to the truth" as required by former Appellate Rule 16(e). However, instead of ordering a hearing on the new evidence as required by the **Townsend** Court, the Court's bias was extended to all of the grounds stated below:

(i) A hearing on the physical evidence and testimony verifying that the transcripts were altered would prove the defendant's actual innocence;

(ii) A hearing on the documented bribery and subornation of perjury, new evidence would have facilitated the dismissal of the indictment and conviction ;

**MOTION TO VOID JUDGMENT -**
**PAGE 5**
Software © 1996 by "Zamboni" John Scannell

(iii) A hearing on the defendant's lawyers aiding the government to indict the defendant would have proven a Sixth Amendment intrusion on counsel violation;

(iv) A hearing on the jurors' admissions of using the collateral estopped counts' evidence to convict the defendant for unrelated business counts would have resulted in an order for a new trial.

14. On appeal of the Section 2255, the District Court's judicial bias spilled over into the Appellate Court's panel. This is clearly evidenced when in the face of the plethora of evidence that the transcripts had been altered, the Tenth Circuit panel did not order the District Court to conduct a hearing as was both required by Appellate Rule 16 (e) and the Supreme Court in **Townsend,** supra. The positive proof of the Circuit's continued bias is demonstrated by circuit Judge J. Paul Kelly Jr.'s denial of habeas relief to conduct a hearing on the documented subornation of perjury evidenced by former AUSA Gerald Rafferty's own handwritten instructions to another government star witness Mario Fonsec Lopez to have his indictment dismissed in exchange for his testimony per the instructions. The significance is that eight months later, Judge Kelly wrote the eloquent **U.S. v. Singleton** 144 F 3d 1343 (1999) opinion ruling that if the government just offers leniency in exchange for testimony, that would constitute a bribery violation pursuant to 18 USC Section 201 (c) (2), whereas in Rogers, in the face of Fonseca's indictment being dismissed conditioned on the handwritten instructions, Rogers' claim of subornation was "unmeritorious."

MOTION TO VOID JUDGMENT -
PAGE 6
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

## IV.  COURT LACKED SUBJECT MATTER JURISDICTION

### A.  Controlling Constitutional Law and Statutes

**1. The government's failure to have the subject indictment returned in open court pursuant to Rule 6(f) requires dismissal.**

An examination of the Clerk's files of the subject indictment verify that the government never had the indictment returned in open court as is required by FCRRP rule 6(f).  Therefore, pursuant to the Supreme Court in **U.S. v. Glasser** 315 US 60, the indictment is fatally defective, thus pursuant to **U.S. v. Smith** 360 US 1, must be dismissed due to the court's lack of subject matter jurisdiction.

**2.  With the United State being a party, this legislative Court lacked subject matter jurisdiction to conduct a trial for alleged violations of United States law under Article III of the United States Constitution.**

There simply existed no statutory nor Constitutional authority for this court to grant the government jurisdiction to have conducted a trial and thereafter enter a "judgment of conviction" herein.

There simply existed no Statutory nor Constitutional authority for this court to grant the government jurisdiction to have conducted a trial and thereafter enter a "judgment of conviction" herein.

> **Article III - Section 2.**  "The judicial Power should extend to all cases, in Law and Equity... arising under the laws of the United States (for)  controversies to which the United States shall be a party.

**MOTION TO VOID JUDGMENT - PAGE 7**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

Title 28 USC §451 Note 8 of its Annotations defines a constitutional court:

District court of the United States standing alone includes only constitutional courts.

Furthermore, Title 18 USC §3231 confirms this jurisdiction:

The district court of the United States shall have original jurisdiction, exclusive of the courts of the States of all offenses against the laws of the United States.

But, while §3231 verifies that the district court of the United States is the only one to have jurisdiction for a federal crime question to possibly conduct a criminal trial, the provisions of Title 18 preclude §3231 from "standing alone".

Whether it has been by Congress' intelligent design or evolution, §3231 is recharacterized by 18 USC Sections 5, 7 and 23 in Chapter IV C below, which will show that the violation alleged herein cannot e adjudicated in any federal court, legislative as this one appears to be, or constitutional.

In **Palmore v. United States** 411 US 388, 36 Led 2d @345:

Note 17, Inferior Courts under the provisions of Article 3... congress is not Constitutionally required to create inferior Article 3 Courts to hear and decide cases within the judicial power of United states, including criminal cases arising under federal laws..."

Here this court was created as a legislative court pre-statehood and that jurisdiction was never changed.

### 3. The controlling Statutes as to what courts are Constitutional and those that are not, are found in 28 USC Chapter 5, Sections 81-131.

With specificity, in addition to the Supreme Court being named in Article III of the Constitution, Chapter 5 only designates three "district courts of the United States" as being constituted by Congress as to having constitutional jurisdiction. Pursuant to Section 88, note 1, the "district court of the united States for the District of Columbia; Section 91, Note "Court of

**MOTION TO VOID JUDGMENT - PAGE 8**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

the Untied States", Hawaii and Section 119, Puerto Rico as defined in the following annotation note, are the only constitutional courts.

Clearly, because no mention is made of the United States District Court for the District of Colorado pursuant to Section 88 of it being a constitutional court, by law of exclusion, this court does not enjoy constitutional status.

Furthermore, the Title 18 USC Rules of Evidence Rule 1101 supports the jurisdictional differences and makes it perfectly perspicuous, as here, Untied States Courts with territorial beginnings are legislative.  The rules of Evidence Rule 1101 "Advisory Committee Notes 1972 Proposed Rules, Note Subdivision (a) Clause 2 states:

> these various provisions do not in terms described the same courts.  In congressional usage the phrase "district court of the United States", without further qualification, traditionally has included the district courts established by Congress in states under Article III of the Constitution which are "constitutional courts" and has not included territorial courts created under Article IV, Section 3 clause 2, which are legislative courts.  **Hornbuckle v. Toombs** 85 US 648 (1873).

**4.  A plethora of Supreme Court case law supports that United States District Courts are legislative and not constitutional and/or, has distinguished the difference in authority, to name a few.**

In addition to **Hornbuckle v. Toombs, id., Mookini v. United States** 303 US 201, 205 (1938) (holding that "district court of the Untied States" is a constitutional court and United States District court is legislative); **American Insurance v. 356 Bales of Cotton** 7 Led 242 (1828) (held "United States District Courts" are legislative);  **Balzac v. Porto Rico** 258 US 298 (1922)(holding that United States District Courts are not true United States Courts established under Article III of the Constitution.)

Furthermore, legislative courts are not required to exercise the same Article III guarantees as required of constitutional courts - See **Keller v. Potomac** 261 US 428 (1923); **Federal Trade Commission v. Klesner** 247 US 145 (1927); **Glidden v. Zdanok** 370 US 530 (1962) and

**MOTION TO VOID JUDGMENT - PAGE 9**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

**Northern Pipeline Co. v. Marathon Pipe Co.** 458 US 50 (1982). Black's Dictionary affirms that the "Article I" courts do not have to provide the same constitutional protections and therein lies the problem of this miscarriage of justice.

To view how the transition of the U.S. District Court for the Territory of Colorado occurred, in the 2005 Edition of the Federal Judicial and Civil Rules page 612, the exact procedure in transition of the Alaska Territorial Courts to that of the United States District Court of Alaska, with no change in jurisdiction, is thoroughly described.

Therefore, because the United States District Court for the Colorado District were originally established as either Article I or Article IV legislative courts before Colorado became a State and that status by law has never been changed, pure and simple, this court lacks subject matter jurisdiction under the Constitution to have tried the defendant for alleged violations of the United States law contained in the subject indictment that are justiciable only by Article III constitutionally constituted courts.

## B. FEDERAL CRIMINAL RULES - NOT APPLICABLE IN STATES OF UNION

### 1. The alleged violations of law (Acts of Congress) by the defendant are not justicible pursuant to the Rules as promulgated and their controlling statutes.

First, the prosecution of the defendant was conducted pursuant to the rules as was mandated by Congress in 81 USC §3041.

**"Powers of Courts and Magistrates"** Clause 2, states:

> A United States judge or magistrate shall proceed under this (title 18) Section according to rules promulgated by the Supreme Court of the United States.

The Federal Criminal Rules were codified as 18 USC §3001 at which time Congress authorized the Supreme Court to promulgate the Rules pursuant to the "Act of June 28, 1940", codified as 18 USC §3771. However, the Rules pursuant to Congress's authorization to the

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

Supreme Court, were not promulgated to apply in any State of the United States, just the territories therein defined.

**FCrRP Rule 54 "Advisory Committee Notes" 1944 Adoption states:**

> **Note to subdivision (a)(1) 1.** The Act of June 28, 1940 (now §3771) authorizes the Supreme Court to prescribe the Rules of Criminal Procedures for the district courts of the United States in respect to proceeding prior to and including verdict or finding of guilty or not guilty, **expressly applicable to district courts for Alaska, Hawaii** (when they were territories), Puerto Rico ..."

Second, the evolution of the Rules appear to be concealing the crimes and where they are justiciable - the description of "Act of Congress" as it appears in the old Rule 54(c) "Application of Terms" has been omitted from the new 2005 Rule 1(b) Definitions. However, Rule 54 in its entirety can be seen on page 200 of the FCrRP 2005 Edition.

> "Act of Congress" includes any act of Congress locally applicable to and in force in the District of Columbia Puerto Rico, in a territory or insular possession.

Theoretically, the "Act of Congress" to which the defendant allegedly violated were prosecuted pursuant to the Federal Criminal Rules from the time of the indictment through the time the defendant was sentenced, pursuant to §3041. But, clearly, the "Act of Congress" defined state that the violations of United States law apply only to the same States as are referenced by Rule 1(b)(9) - not any state of the Union.

Furthermore, when the definition of "State" is applied to Rule 1(a)(4) revised from Rule 54(b) "Proceedings", this further substantiates that the only criminal prosecution that can be removed from a "state" (meaning a federal state) to the United States district courts are from the territorial common law courts, not from a State of the United States or a court therein.

Therefore, because the Rules are specifically applicable to the territories and District of Columbia mentioned in Rule 1(b)(9) and the "Act of Congress" alleged to have been violated

**MOTION TO VOID JUDGMENT -**
**PAGE 11**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

only apply to the named areas, the prosecution of the defendant in the United States District

Court for the District of Colorado lacked subject matter jurisdiction.

**2) Whether one relies on FCrRP Rule 1(a)(4) 2005 Edition or the old Rule 54(b)**

**Proceedings, there does not exist a "Proceeding" under which the alleged violation of the**

**United States laws can be adjudicated.**

Old Rule 54(b) "Proceedings", contrary to the new Rule 1(a)(4) made it clear.  The

Federal Criminal Rules were specifically promulgated to move cases to a United States district

court in the District of Columbia or the Untied States Territorial Court in which the violations

were against United State law, versus, the various common law crimes that were tried by the

lower federal state courts.

Rule 54(b) Proceedings in relevant part states:

These Rules apply to criminal prosecutions (for violations of Acts of Congress)
removed to the United States district courts (of District of Columbia and
territories) from state courts" of the federal states defined.

Therefore, if one would attempt to match the violations of law specified in the

defendant's indictment, because the violation did not occur in a federal state, none of the

proceedings delineated in old Rule 54(b) apply.  Nor do the provisions in the 2005 Edition of the

Rule 1(a)(4) "removal from a state court" apply.

**3) Again, whether it was by intelligent design of the Supreme Court or an evolutionary**

**process, with the combining of the Rules 1 and 54 in 2002, the Criminal Rules have evolved**

**to obscure the actual courts for which the Rules were promulgated.**

For example, the FCrRP Rule 1, prior to being revised in 2002 read "in the courts of the

United States" - which will be seen comports to 18 USC §23 definition of courts.  Now,

however, new Rule 1(a)(1) references the court as the "United States district courts" a subterfuge

to give the impression that it confers jurisdiction on the United States District Courts, capital "D"

**MOTION TO VOID JUDGMENT -
PAGE 12**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

and capital "C". As more fully appears in Subchapter "C" below concerning §23 definition of

United States courts Untied States district courts, small "d" and small "c" does not include the

United State District courts that exist in the 50 states of the union, which the Federal Criminal

Rules do not apply.

Rule 1(a)(2) substantiates that the Federal Criminal Rules do not apply to states of the

United States by both exclusion and definition.

> Rule 1(a)(2) **State or Local Judicial Officer.** When a rule so states, it applies to
> a proceeding before a <u>State</u> local judicial officer.
> The operative word is "State".

The operative word is "State".

> Rule 1(b)(9) **Definitions** specifies where a "proceeding before a State" can occur.

> (9) "State" includes the District of Columbia and any other commonwealth
> (Puerto Rico), territory, or possession of the United States.

Therefore, because none of the Federal Rules apply, the alleged violations of United State

law by the defendant not only lacked subject matter for this court to address, the court also lacked

statutory authority of any kind with which to conduct a trial and to thereafter, adjudicate this

case.

## C. STATUTES CONTROLLING JURISDICTION

**1) The apparent confusion in which this court has as to jurisdiction is resolved
when §5, §7, and §23 combined. are read with §3231 "District Court's" Jurisdiction.**

If §3231 "District Courts" jurisdiction is read standing alone, then it would appear that

this case could have been tried in a "district court of the United States", but not in this legislative

court. However, the §3231 provision "district court of the United States" does not "stand alone"

in Title 18. Under Title 18 USC §3231, it is qualified and recharacterized by the §§5, 7, and 23 -

all to comport to the Federal Criminal rules as promulgated by the Supreme court to "expressly"

apply to the federal states named in FCrRP Rule 1(b)(9).

**MOTION TO VOID JUDGMENT -
PAGE 13**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

**Title 18 USC §5 "United States" defined -**

the term United States as used in this Title 18 in a <u>territorial sense</u> includes all places and water, continental or insular possessions subject to jurisdiction of the United States.

Thus, the definition of the United States in a "territorial sense" effectively comports to both Rule 1(b)(9) definition of the "States" and to the Supreme court's original authority under §3771 to promulgate the federal criminal rules "expressly' for the territories stated in the "ADVISORY COMMITTEE NOTES" previously referenced as they appear in the 2005 Edition of the Federal Criminal Rules on page 200.

Therefore, because §5 makes no reference to the definition of "United States" to include any state of the Union, they are accordingly excluded.

**2) Section 7 further qualifies the jurisdiction of §3231, but at the same time supports that the intended areas pursuant to Rule 1(b)(9) over which Congress conferred jurisdiction to the "courts of the United States" was in the federal states defined.**

**Title 18 USC §7 - Special Maritime and Territorial Jurisdiction of United State defined -**

The term special maritime and territorial jurisdiction of the United States as used in this title (18) includes:

(1) The high seas... (2) Any vessel ... (3) Any lands reserved or acquired for use of the united States...

Again, no mention is made of any state of the United States, but clearly, this statute is only describing jurisdiction for the same federal states as stated in Rule 1(b)(9).

**3) The §23 phrase "court of the United States" makes it abundantly clear that the 2002 and back Editions of the Federal Criminal Rules Rule 1, applied only to the federal states named in old Rule 54© and new Rule 1(b)(9).**

**Title 18 USC §23 "court of the United States" defined - states:**

**GERALD ROGERS C/O ACTIONLAW.NET**
**P.O. BOX 3254**
**SEATTLE, WASH., 98114**
**206-624-3685**

As used in this Title (18) except where otherwise expressly provided, the term "court of the United States" includes the District Court of guam, the District Court for the Northern Mariana Islands and District Court of Virgin Islands.

As is made clear by Rule 1(b)(9) definition, since the codifying of §3771 and Section 23 defining court of the Untied State in the areas to which the Criminal rules apply and have since been expanded ("other wise expressly provided"). Pursuant to Rule 1(b)(9), in no event is there any indication that the Rules have been redesignated to be used by the United States District Courts in the States of the United States for prosecutions that originates within those states.

Therefore, because §§5, 7, and 23 expressly recharacterized the jurisdiction under §3231 "District Courts" to only apply in the territories and District of Columbia as defined in rule 1(b)(9), the Federal Criminal Rules did not confer either jurisdiction or a procedure with which the defendant could be tried in any state of the Union. Accordingly, due to the Court's lack of subject matter jurisdiction under the Federal Criminal Rules, this court did not have the authority to adjudicate this case from the inception.

## V.  COURT LACKED AUTHORITY TO SENTENCE DEFENDANT

### 1.  The indisputable proof that the court lacked subject matter jurisdiction also lies in the Title 18 sentencing statutes which precluded the defendant from being legally sentenced.

Upon being arraigned, the defendant pleaded "not guilty." Further, he maintained his innocence in the face of mitigating his sentence, together with, to this day swears under the penalty of perjury that he was not a participant in the Canadian Counts for which he has been sentenced to 25 years in prison.

A jury trial was conducted and in the government's double jeopardy prosecution of the SEC v. Rogers 790 F 2d 1450 case coupled with the Canadian Counts, as admitted by jurors, with the record void of Canadian evidence linking the defendant, they convicted the defendant with the SEC evidence that pursuant to the Supreme court in **Dowling v. US** 493 US 342, should have been collaterally estopped (juror statements are filed with the 1993 Section 2255 Motion).

**MOTION TO VOID JUDGMENT - PAGE 15**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

## A. JURY VERDICT MOOT

The jury verdict and trial were factually, by law, an effort in futility.  18 USC §3531 as promulgated for "VERDICTS" by a jury therein references FCrRP Rule 31, which by §3771 was authorized for the Supreme Court to promulgate that rule "expressly" for the federal states referenced in Rule 54 (a) and (c) as limited by definition of 18 USC §23 defining "Court of the United States."  Furthermore, by definition of "Acts of Congress" in 54 (c), together with the provisions of 54 (b) proceedings, there exist no subdivision that applies to any one of the 50 states let alone actions brought in Colorado.

For the defendant's alleged violation to be justicable under the rules as promulgated by the Supreme Court, the violations would have to have originated in one of the federal states stated or defined by Rules 54 (a) or (c) respectively - but, the alleged violation did not.

## B.  CONTROLLING STATUTES

**The controlling sentencing statutes under Title 18 omit any reference to a jury verdict for a finding of guilt, to accommodate sentencing - in fact, to the contrary.**
In **United States v. Hall** 98 US 343 (1878) the Supreme Court made it clear.  "Before an offense can become cognizable in a federal court the Congress must first define or recognize it as such and affix a punishment to it and confer jurisdiction upon some court to try the offender."  In Title 18, unquestionably, Congress conferred jurisdiction to "some court", but none of the courts are domiciled with the 50 states of the Union.  And, in addition thereto, Congress made the sentencing statutes just as clear, a defendant can not be sentenced to a federal prison unless he volunteers.

## (i) Section 3673 Definitions of "Sentence"

In relevant part states:

"As used in Chapter 227 and 229 -

MOTION TO VOID JUDGMENT -
PAGE 16
Software © 1996 by "Zamboni" John Scannell

(1) The term "found guilty" includes acceptance by a court of a plea or guilty or nolo contendre;…."

As stated, the defendant not only pled "not guilty," but at sentencing, the record evidences that instead of accepting responsibility or effectively confessing, the defendant told the Judge: "My conscience is completely clear."

Chapter 227 to which "Section 3673 Definition of Sentence" refers, contains two more statutes that also have the provision that the defendant had to have pled guilty at some stage for the judge to have "found him guilty."

### (ii) Section 3551 "AUTHORIZED SENTENCES"

(a)  "In General - except as otherwise specifically provided, a defendant who has been "found guilty" of an offense described in any federal statute…shall be sentenced in accordance with the provisions of this Chapter…to the extent that they are applicable in the light of all the circumstances of the case."

Thus, here it is clear that neither the court nor the government got past step (1) in establishing the defendant as being "found guilty."

### (iii)  "Section 3581 Sentence of Imprisonment"

This provision only becomes viable after the acceptance of the court of a plea of guilt too.

"(a) In General - a defendant who has been "found guilty" (per Section 3673) of an offense may be sentenced to a term of imprisonment."

Therefore, because not one statute granted the court congressional authority to (1) sentence the defendant and/or (2) physically incarcerate him, unless, as promulgated in §3673, §3551 and §3581, he entered a plea of guilt, a fundamental miscarriage of justice will continue if this court does not set aside the "judgment in a Criminal Case" to render it void.

## VI.  LEGAL ARGUMENT

### STATUTORY LAW PRECLUDES JURISDICTION

#### 1)  By statue Title 28 USC §85 and omission thereof, the United States District Courts for any Colorado Division were not constituted as Article III courts, thus because

**MOTION TO VOID JUDGMENT - PAGE 17**

Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

**the United State was a party to the subject indictment, this court lacked subject matter**

**jurisdiction to adjudicate violations to United States Laws.**

As the court's records will prove, the legislative status, thus the jurisdiction of this court

was never changed to Article III status when the Territory of Colorado became a state.  See

§81A, the transition of the District Courts for the Territory of Alsaska to that of Untied States

District Court for the State of Alaska.

The Supreme Court in **Palmore supra,** clarifies any question as to whether different

courts of the United States are conferred with different jurisdiction as promulgated by statute.

36 L. Ed. 2d 345 Head Note 17:

> Inferior courts under the provision of Article 3 of the Constitution visiting judicial
> power of the United Staes ... Congress is not constitutionally required to create
> inferior Article 3 courts to hear and decide cases within the judicial Power of the
> United State, including underlined criminal cases arising under federal laws, nor if inferior
> courts are created, it is required to invest them with all jurisdiction it is authorized
> to bestow under Article 3.

Furthermore, whether a federal court has jurisdiction over violations of Untied States Law

as promulgated in Titles 18 and 26, the §3231 Annotation Note 33 "Statutory Authorization"

clarifies that issue.

In **United States v. Hall** 98 US 343 (1878), the landmark case concerning "Statutory

Authorization , the Supreme Court mandated:

> the federal courts possess no jurisdiction over crimes and offenses committed
> against authority of the United States except what as given to them by the power
> that created them nor can they be invested with such jurisdiction beyond that the
> power ceded to the United States b the Constitution authorizing Congress to
> confer - from which it flows that before an offense can become cognizable in a
> federal court the Congress must first define or recognize it as such and affix a
> punishment to it and confer jurisdiction upon some court to try the offender.

Here, pursuant to the Constitution's Article III and Title 18 USC §§5, 7, and 23 limiting

§3231 "District Courts" jurisdiction to the federal states, the United States law for which the

**MOTION TO VOID JUDGMENT -
PAGE 18**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

defendant was alleged to have fiolateed was not cognizable, by law, in any legislative Untied States district court that now exist in the State of the Union. Furthermore, the punishment that is affixed to the reputed violations could have only resulted, pursuant to §3673, if the defendant had waived personal jurisdiction with a plea of guilt or nolo contendere - i.e. volunteer to be put in federal prison.

However, the record is clear, the defendant never intimated that he was guilty and/or waived personal jurisdiction in any manner. And, just as clear, the "Act of Congress" to which Rule 54(c) "Application of terms" refers, are only justiciable in the "States" designated by the new Rule 1(b)(9).

Therefore, because this all supports that Congress has made no laws that abridge their authority granted by Article I Section 8 of the United States Constitution for lack of Statutory Authorization, this court lacked the subject matter jurisdiction to have entered the judgment of conviction of October 22, 1990.

## 2)  When Congress wanted to include a state of the United States in the Title 18 Statutes, it did so by definition.

Section 1073 Flight to Avoid Prosecution or Giving Testimony is a good example.

Clause (3) states:

> Whoever moves or travels... (3) to avoid service or contempt proceeding... before a State empowered by law... For the purpose of Clause (3) of this paragraph, the term "State" includes a State of the United States, District of Columbia...

This inclusion of State of the United States phrase also appears in §1955 and §1960, but please note:  Whenever the State of the United States is included in  Title 18 Statue, it either references a civil procedure or a State of the United State law to which the violation may apply - not a direct violation of a Untied States law for which the defendant is being prosecuted herein.

**MOTION TO VOID JUDGMENT -
PAGE 19**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

**3) To accommodate jurisdiction for this court to adjudicate the defendant's alleged violations of United States law, the court would have to change definitions, insert words into the Rules and worse, alter the Constitution.**

Under established rules of statutory construction, "A court should not read words into a statue that are not there". **United States v. Watkins** 278 F. 3d 961, 965 (9th C. 2002) in accord with the Supreme Court in **Ewal v. Great Atlantic & Pacific Tea** 449 US 414.  Also see **Trevan v. Office Person. Mgmt.** 69 F. 3d 520, 526 (Fed C. 1995) (Holding that a court must enforce statutes as written and is not free to ignore ligislation apparent conscious choice to omit suggested provisions.)

Thus considering that Congress did not insert or designate "State of the United States" in either the Federal Criminal Rules or the controlling jurisdictional statues §5, §7, and/or §23, by the doctrine of "inclusivo unis est exclusive alterus" the jurisdiction therein for the United States District Courts located in all 50 states of the Union is excluded.

As the Supreme Court opined in **Oubre v. Energy Operations** 139 L. Ed 2d 849 (1998):

"We are bound to take Congress at its word."

## C.  CONSTITUTIONAL LAW CONTROLS JURISDICTION

**1)  The prosecution for violations of United States law, conviction and sentencing of the defendant in a legislative court of the United States, with no Constituional protection violated his rights under the Constitution.**

To simply reason that the jurisdiction for the court was a misapplication of both the statutes and Federal Criminal Rules to accommodate the prosecution, the court only needs to reference the limitations on Congress as established by the Constitution's Article I, Section 8. Also, in fact because the statutes and Rules were both promulgated to prosecute crime only in the federal states named, not any state of the Union, those "acts of Congress" comport to Congress's limitations of powers to proscribe criminal offenses as are stated in the Constitution's Article I.

**MOTION TO VOID JUDGMENT -
PAGE 20**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

But here, under color of jurisdictional law granted by this court, the government, afer 15 years is still attempting to enforce Article III violations of the United States law and a void judgment in a court that has neither Article III status, nor statutorial authority of any kind.

Pursuant to the Supreme Court in **FW/PBS v. Dallas** 493 US 215, 231, 107 Led 2d 603 (1990):

> the federal courts are under an independent obligation to examine their own jurisdiction and standing is perhaps the most important of the jurisdictional doctrine. Quoting **Allen v. Wright** 82 Led 556 (1999) 468 US 737, 750.

However, this "most important of the jurisdictional doctrine" appears to be getting lost in the federal government's ongoing evolution to usurp the power of the states. Based on (1) the plain language of Article IIII of the Constitution (2) Fedewral Criminal Rules that were promulgated "expressly " for the federal staes and (3) the persopicuous Title 18 USC Secitons 3231 a qualified by §§5, 7, and §23 limiting jurisdiction to those federal states, this court simply lacked the constitutional and/or statutorial authority to grant the government jurisdiction herein.

As mandated by the Supreme Court in **Kokkonen v. Guardian Life Ins.** 511 US 375, 377; 128 Led 2d 391 (1994):

> Federal courts, as courts of limited jurisdiction, possess only such authority as is conferred to them by the Constitution and acts of Congress and this authority cannot be expanded by judicial decree.

Thus, when this court authorized the government to conduct a trial in this case with both statutory and constitutional authority lacking, the court's jurisdiction can only be considered to have been "expanded by judicial decree" under color of law.

**2) The court not only "expanded" its jurisdiction by "judicial decree", the jury trial and sentencing hearings were nothing more than administrative and non-judicial in nature.**

In **Kokkonen id.**, in accord with **Buckly v. Valeo** 424 US 1 (1976), the Court ruled:

Moreover, courts must be mindful of the Article III proscription that they may not exercise "executive or administrative duties of a nonjudicial nature."

With so many flagrant government prosecutions of violations of United States laws in legislative courts in the face of the Constitution's Article III requirement, it appears that because no defendants have challenged the government's constitutional limitations to prosecute their criminal statutes "expresssly" promulgated for the federal states, in the States of the Union, the Article I/IV legislative District Courts have exercised "administrative duties of a nonjudicial nature" simply without examining either the Court's jurisdiction and/or the government's standing.

In the Supreme court's controlling case law on "void judgments" **In Valley v. Northern Fire and Marine Ins.** 254 US 348 (1920):

When a court reaches beyond its statutory grant of subject grant of subject matter jurisdiction, its judgment is void ... They are not voidable, by simply void and that is even prior to reversal. Also see **Stoll v. Gotlieb** 305 US 165, 171-172.

Therefore, because this court is a legislative Article I/IV court per Section 84 and as verified by the Supreme Court in **Willy v. Coastal Corp.** 117 Led 2d 280, 288, when the defendant was tried without either constitutional or statutory jurisdiction, it was nothing more than an "administrative (hearing) of a nonjudicial nature" to accommodate the government's abuse of power. And, the perjorative is, when the court operated without jurisdiction in the instant case, it exposed itself to the forfeiture of its "absolute immunity" status as was found in **Stump v. Sparkman** 435 US 349 (1978). Accordingly, federal courts cannot act in the absence of "statutory authority" as found in **Link v. Wabash**, 370 US 626, 630.

Therefore, if there still exists a question as to whether the United States District Court hereto, has been constituted as an Article III Court in which the Judges have "lifetime tenure and protection against salary reduction" - no payable income tax - (see **Palmore** supra) pursuant to 28 USC §134, this District Judge's tenure is based on "good behavior" and on which the salary paid

**MOTION TO VOID JUDGMENT - PAGE 22**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

is taxable. Indeed, as mandated by the Supreme court in **Ruhrgas v. Marathon Oil**, 526 US 574

(1999).

Jurisdiction is fundamental - without it, courts cannot proceed at all in any case.

## VII. CONCLUSION

Wherefore, pursuant to the Supreme Court, even though violations of the Constitution are

long standing, they must be corrected - **Walz v. United State** 493 US 343:

It is obviously correct that no one acquires a vested or protected right in violation
of the Constitution by long use, even when that span of time covers out entire
national existence and even predates it.

Therefore, because it was an abuse of discretion - or possibly a plain error of the court,

the fundamental miscarriage of justice that occurred in the instant case per **Walz** id., must be

corrected regardless of the passage of time. Accordingly considering that Title 18 USC §§5, 7,

and 23 together with the Federal Criminal Rules deprived the Court of both jurisdiction and a

procedure with which to prosecute the alleged violations of law and §§3673 and 3551 negate the

Court's authority to sentence the defendant, unless he plead guilty, the judgment of conviction

and sentencing entered on October 22, 1990 must be set aside as void.

## VI. HABEAS RELIEF IS MANDATORY PURSUANT TO GONZALES

### A. SUBSTANTIVE CHANGE OF APPELLATE RULE 16.

**1. Due to the substantive change of Appellate Rule 16(e) to 16(b) to "correct**

**omissions or errors" in the transcript record, pursuant to the Supreme Court in Gonzales**

**v. Crosby 162 L Ed 2d 480, the defendant is entitled to a habeas hearing on the merits of**

**the new evidence presented in his Section 2255 Motion to "make the trial record conform to**

**the truth" (Rule 16(e)).**

The Gonzales Court mandated:

**MOTION TO VOID JUDGMENT -
PAGE 23**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

"A change in the interpretation of a substantive statute may have consequences for cases that have already reached final judgment, particularly in criminal cases." (note 9).

In the instant case, the procedure to correct omissions and errors in the record by "stipulation" as is now a provision of Appellate Rule 16(b) would have produced a dramatically different results. Factually, a hearing on the new physical evidence, declarations under oath and juror statements verifying the merits of the transcript alterations would have facilitated the defendant the ability to prove his actual innocence.

Even in the face of the plethora of evidence supporting the fact that the transcripts were altered, under old Appellate Rule 16(e), the defendant only needed to dispute the accuracy of the record for the court to conduct a hearing to correct it, but due to the bias of the court, no hearing was conducted. Therefore, pursuant to **Gonzales** id., the defendant is entitled for this court to conduct a hearing on the trial transcript alteration merits.

**2. Instead of the correction of the record being at the discretion of the court as in old Rule 16(e), 16(b) provides that "the parties may at any time, by stipulation supply omissions from the record or correct a misstatement, or the court may so direct."**

First, pursuant to the defendant's irrefutable evidence supporting his factual allegations and the U.S. Attorney's copious notes verifying the defendant's factual allegations that the transcripts had been massively and substantively altered, under the circumstances, the parties, unquestionably would have stipulated to the corrections. It is just not credible that the 5 officers of the U.S. Attorney's office would jointly decide to cover-up and thereafter lie under oath that the alterations did not occur in the face of defendant's irrefutable evidence now filed with the court that the alterations did occur.

**MOTION TO VOID JUDGMENT - PAGE 24**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

Furthermore, the chances are that the U.S. Attorney would not have known that the defendant's allegations that the trial judge did the alterations would anger the Section 2255 Judge Clarence Brimmer in Wyoming to the point that he would summarily declare, without some evidence, that the factual allegations were "preposterous and absurd" before a stipulation agreement could have been made. This is particularly pertinent with the judge not being present at the trial. Being the replacement judge for the recused judge Finesliver, Judge Brimmer had no feasible excuse or evidential reason, other than his angered bias to deny a hearing on all the merits of the new alteration evidence.

The **Townsend v. Sain** 9 L Ed 2d 770, 786 Court mandated:

"We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

Therefore, considering that the court ignored every one of the criteria set forth by the **Townsend** Supreme Court mandate and the record is absolutely void of controverting evidence supporting that the record was not altered, by law, the defendant was entitled to a habeas Rule 6 hearing to accommodate him to prove his actual innocence.

## B. GONZALES, SUPRA, MANDATES A HEARING SHOULD BE CONDUCTED ON ALL OF THE NEW EVIDENCE.

The Gonzales Supreme Court mandating that the defendant is entitled to have a 60(b)(6) hearing on the new evidence merits as were presented in the defendant's 1993 Section 2255

Motion is in accord with the prior Supreme Court controlling case law of **Townsend v. Sain** **supra**. (Also see **Ackermann v. United States** 340 US 193, 199 concerning "extraordinary circumstances" as occurred in the instant case.) Therefore, because the Section 2255 Motion court did not have a hearing on the merits of the new evidence as stated in **"Historical Facts and Extraordinary Circumstances" #13,** the defendant is entitled by law, for the court to conduct a fair hearing on those grounds to accommodate the defendant to prove his actual innocence.

**(1)  The admission by the jurors that they convicted the defendant for the Canadian Counts based on the evidence from the collaterally estopped counts, requires a new trial.**

First, it was simply plain error on the part of the Tenth Circuit panel, when it cited and then misapplied the finding of **Dowling** supra, to affirm the defendant's conviction. In **Dowling**, the Supreme Court found that one piece of evidence from a prior trial was "harmless error," but in affirming **Dowling**, the court was in accord with the Third Circuit on the issue of collaterally estopping evidence from a prior trial as used against the defendant in the instant case.

> "(a)  Prosecutors are collaterally estopped under the double jeopardy clause of the federal Constitution's Fifth Amendment from making evidentiary use of collateral estopped crimes for which the defendant has been acquitted..."

Indeed, Rogers was acquitted in **SEC v. Rogers** 790 F 2d 1450 from which 65% of both the testimony and physical evidence was derived for the double jeopardy prosecution of 84-CR-337 at trial.

Secondly, exactly as anticipated by the **Dowling** Court in both the Circuit and Supreme Court levels, the collateral estopped evidence, used in this case, confused the jurors into convicting the defendant for the unrelated Canadian Counts - a business in which he was not involved.

**MOTION TO VOID JUDGMENT -
PAGE 26**
Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

In affirming **Dowling,** the Court was in accord with its prior case **Huddleston v. United States** 99Led 2d 771 (1988):

> "One of the dangers inherent in admission of extrinsic offense evidence is that the jury may convict the defendant not for the offense charged, but for the extrinsic offense." (855 F 2d @ 122)

Therefore, based on the new evidence that the jury convicted the defendant for a business crime in which he was not a participant, under Section 2255 Rule 6, he is entitled to a hearing on that issue to accordingly determine whether a new trial should have been ordered.

**(2) The clear and convincing evidence established that a hearing should have been conducted on the new evidence that witnesses had been bribed or suborned.**

Contrary to the Supreme Law of the Land, International Covenant on Political and Civil Rights Article 14.3 (e) "same conditions" clause, the Tenth Circuit Court's en banc decision in **United States v. Singleton** 165 F3d 1297 authorized the bribery of witnesses by government prosecutors, but proscribed subornation.  The fact remains the instant case was basically built on perjury and subornation of the key witnesses - 9 witnesses, between the grand jury recanting their testimony to save themselves from being indicted or at trial to have their indictments dismissed. Three of those witnesses were suborned.  Scotland Yard Police Reports show that Special AUSA Lawrence Kiser suborned two ladies from London to lie both in the Grand Jury and at trial that Rogers had used the alias, "Alan Martin."  Also, the handwritten instructions of AUSA Gerald Rafferty to government undercover agent Raymond Takiff in "Operation Court Broom," instructing Takiff's client, witness Maria Fonseca Lopez how to testify to have his indictment dismissed constitutes conclusive evidence that a hearing should have been conducted to determine whether the prosecutorial misconduct warranted dismissal of the indictment - especially in light of other documented misconduct that would have contributed to the cumulative effect to cause the indictment to be dismissed.

Therefore, the defendant is entitled to a hearing, on at least the suborned witness to establish whether the indictment should have been dismissed or that the testimony should have been stricken from the record.

**3. Defendant is entitled to a hearing on the new evidence of his pretrial counsel's collaboration with the government to testify in a grand jury to accommodate the 84-CR-337 indictment and subsequent activities to subvert the defendant's defenses.**

Prior to counsel accepting a $500,000 attorney fee to represent the defendant, they did not disclose that it was their grand jury testimony, false by representation and omission, that accommodated the actual 84-CR-337 indictment.

In addition to accommodating the indictment, thereafter when the defendant prevailed on counsel to dismiss the indictment due to Special AUSA Kiser having the defendant arrested in French Guyana and interrogated concerning both his business in French Guyana and his function in the Canadian Counts, they refused to do so.

Pursuant to the **Massiah v. United States** 337 US 201 doctrine, when the government intrudes on counsel by having the client/defendant interrogated outside the presence of counsel, the Massiah doctrine requires that the indictment must be dismissed for government misconduct. Therefore, because the court did not have a hearing on the new evidence (counsel's grand jury testimony), that counsel was the instrument the government used to effect and indictment and thereafter used counsel to permit the defendant to be interrogated with impunity, a hearing must be conducted on this government misconduct for the dismissal of the indictment and/or for the consideration of its cumulative effect.

**WHEREFORE,** in the alternative to setting aside the judgment entered for lack of subject matter jurisdiction, then it is incumbent on this Court pursuant to both **Townsend** and **Gonzales** supra, to conduct the hearings as justice requires to facilitate the defendant to prove his actual innocence.

## VIII. CONCLUSION

By all relevant Title 18 Statutory Law cited and the attendant Federal Criminal Rules of Procedures as prescribed by the Supreme Court to only accommodate prosecutions in the "federal states," together with the limitations of the Constitution placed on Congress, this court lacked subject matter jurisdiction to enter the "Judgment in a Criminal Case" on the defendant. Therefore, by law, the judgment must be set aside as void.

**In the alternative,** however, if this court can somehow ascertain that both the statutes and Constitution have a different meaning than the plain language that appears in the cites herein, then it is incumbent on the court to correct the fundamental miscarriage of justice as occurred in this case with a grant of the Habeas relief requested.

Respectfully Submitted,

Gerald L. Rogers
P.O. Box 3254
Seattle, WA 98114

**MOTION TO VOID JUDGMENT -
PAGE 29**
Software © 1996 by "Zamboni" John Scannell

# TABLE OF AUTHORITIES

|  | Page |
|---|---|
| Ackermann v. U.S. 340 US 193, 199 | 26 |
| Allen v. Wright 82 Led 556 (1999) 468 US 737, 750 | 21 |
| American Insurance v. 356 Bales of Cotton, 7 Led 242 | 9 |
| Balzac v. Porto Rico, 258 US 298 (1922) | 9 |
| Buckly v. Valco 424 US 1 (1976) | 21 |
| Chevron USA v. Natural Resources Defense 105 S.Ct 2778, n.9 | 13 |
| Dowling v. United States (1990) 493 US 342 | 4, 5, 26 |
| Ewal v. Great Atlantic & Pacific Tea 449 US 414 | 20 |
| Federal Trade Commission v. Klesner 247 US 145 (1927) | 10 |
| FW/PBS v. Dallas, 493 US 215, 231, 107 Led 2d 603 (1990) | 21 |
| Glidden v. Zdanok 370 US 530 (1962) | 10 |
| Gonzales v. Crosby (June 2005) 162 L ed 480 n.9 | 1, 13, 24, 28 |
| Hornbuckle v. Toombs 85 US 648 (1873) | 9 |
| Huddleston v. United States, 99 Led 2d 771 (1988) | 26, 27 |
| In Valley v. Northern Fire and Marine Ins. 254 US 348 (1920) | 22 |
| Keller v. Potomac 261 US 428 (1923); | 10 |
| Kokkonen v. Guardian Life Ins. 511 US 375, 377; 128 Led 2d 391 (1944): | 21 |
| Link v. Wabash, 370 US 626, 630 | 22 |
| Massiah v. United States 337 US 201 | 28 |
| Mookini v. United States 303 US 201, 205(1938) | 9 |
| Northern Pipeline Co. v. Marathon Pipe Line Co. 458 US (1982) | 9 |
| Orner v. Shalala (10th C. 1999) 30 F3d 1307 | 8 |

**MOTION TO VOID JUDGMENT -
PAGE 30**

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

<u>Oubre v. Energy Operations</u> 139 Led 2d 849 (1998)                      20

<u>Palmore v. United States</u> 411 US 388, Led 2d @345          8, 18, 22

<u>Ruhrgas v. Marathon</u> Oil, 526 US 574 (199)               22

<u>SEC v. Rogers</u> (9th C 1984) 790 F 2d 1450            3, 4, 26

<u>Stoll v. Gotlieb</u> 305 US165, 171-172                  22

<u>Stump v. Sparkman</u> 435 US 349 (1978)               22

<u>Tafoya v. U.S. Dept. of Justice</u> (10th C. 1984) 748 F 2d @ 1390    2

<u>Townsend v. Sain</u> (1965) 372 US 293        5, 6, 13, 25, 26, 28

<u>Trevan v. Office of Personal Management</u> 69 F 3rd 520, 526 (Fed C. 1995)   20

<u>United States v. Hall</u> 98 US 343 (1878)            16, 18

<u>VTA Inc. v. Airco</u> (10th C. 1979) 597 F 2d 224 n. 9      2

<u>U.S. v. Belden</u> (1987) 714 F Supp 42, 45         10

<u>U.S. v. Jones</u> (10th C. 1977) 567 F 2d 965, 966     6

<u>U.S. v. Glasser</u> 315 F 2d 60            7

<u>U.S. v. Smith</u> 360 US 60           7

<u>U.S. v. Singleton</u> (1999) 144 F 3d 1343       6, 27

<u>U.S. v. Watkins</u> (9th C. 2002) 278 F3d 961, 965     20

<u>Walz v. United States</u> 493 US 343         23

<u>Willy v. Coastal Corp.</u> 117 Led 2d 280, 288      22

<u>Wilmer v. Board of County Commissioner</u> (10th C.) 69 F 3d @ 409   2

**MOTION TO VOID JUDGMENT -
PAGE 31**

Software © 1996 by "Zamboni" John Scannell

GERALD ROGERS C/O ACTIONLAW.NET
P.O. BOX 3254
SEATTLE, WASH., 98114
206-624-3685

## DECLARATION OF GERALD L. ROGERS

I swear under the penalty of perjury that the following is true and correct:

1.  I am the defendant in U.S. v. Rogers 84-CR337

2.  The facts to the Rule(b)(4) and (6) Motion to which this Declaration is attached, are true and correct

3.  And, as stated in the Rule 60(b) Motion, the court has never conducted a hearing pursuant to the Habeas Corpus Rules on the new evidence submitted by me in my 1993 Section 2255 Motion for habeas relief on the issues stated in the Historical Facts and Extraordinary Circumstances #13.

Done in the City of Anthony Texas, on May ___5___, 2006

Gerald L. Rogers

*[signature]*