ORIGINAL

RECEIVED

DEC 0 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD L. ROGERS,<br>LaTuna Federal Prison<br>P.O. Box 3000, Anthony NM 88021 | : CASE # 1:06CV01010<br>:<br>: Judge: Emmet G. Sullivan |
| R.D. RYNO Jr.,<br>Seagoville Federal Prison<br>P.O. 9000, Seagoville TX 75159 | :<br>:<br>: FIRST AMENDED COMPLAINT<br>  FOR DECLARATORY JUDGMENT |
| Plaintiffs, | |
| v. | |
| UNITED STATES DISTICT COURT<br>FOR THE DISTRICT OF COLORADO, | :<br>: |
| UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF<br>TEXAS, | :<br>:<br>: |
| Defendants. | : |

PLAINTIFFS NAMED ABOVE ALLEGE:

I. JURISDICTION

1. This action, concerning a 28 USC §1331 federal question, arises under the Constitution, laws and Federal Criminal Rules of the United States for which a declaratory judgment is sought pursuant to 28 USC §2201 as more fully appears below.

II. PARTIES TO ACTION

2. Plaintiff Gerald L. Rogers, currently residing at the LaTuna Federal Prison, P.O. Box 3000, Anthony NM 88021 is the defendant in the federal grand jury indictment, dated November 31, 1984, numbered 84-CR-337, for the alleged violations of federal statutes to have occurred in the judicial district of

Colorado pursuant to Title 15 USC §§77q(a) and 77x together with Title 18 USC §1341.

3. Plaintiff R.D. Ryno Jr., currently residing at the Seagoville Federal Prison, P.O. Box 9000, Seagoville Texas 75159, is the defendant in the federal grand jury indictment, numbered 95-CR-357, for the violation of a federal statute to have occurred in the United States judicial district of Texas pursuant to 18 USC §2311.

4. Defendant United States District Court for the District of Colorado, 901 19th Street, Denver CO 80294, (defendant court), is the court that adjudicated the plaintiff Rogers' indictment, 84-CR-337.

5. Defendant United States District Court for the Northern District of Texas, (defendant court), 1100 Commerce Street, Dallas Texas 75242, is the court that adjudicated the plaintiff Ryno's indictment, 95-CR-357.

### III. CAUSE ACTION

#### A. Standing

6. Standing for declaratory judgment for the plaintiffs is derived as result of the defendant courts' usurpation of judicial power and which a result thereof, under color of law, granted the U.S. Attorney the authority to prosecute the subject indictments with jurisdiction for the courts to adjudicate, enter a judgment of conviction and sentence the plaintiffs in the defendants' respective judicial districts for violations of federal statutes that by law, Title 18 USC §3001 Federal Criminal Rule 54(c) "Act of Congress", were not justiciable by the defendant courts in either Colorado and/or Texas.

B. Issues of Controversy

7. The plaintiff further allege that the defendant courts lacked subject matter jurisdiction to adjudicate, enter a judgment of conviction and sentence the plaintiffs due to the facts of federal statutorial law and Federal Criminal Rules of Procedures ("FCrRP"), as follows:

(i) Title 18 USC §3231 grants jurisdiction "for all criminal proceedings in United States district courts" (words substituted for district courts of the United States per 1948 Amendment), but not jurisdiction for the defendant courts from which their jurisdiction is derived from the Judicial Act of 1789 Statute I, §9; and/or,

(ii) Title 18 USC §5 "United States defined - The term "United States" as used in this title (18) in territorial sense includes places, waters continental", but does not mean to include any state of the United States in which the subject indictments allege the violations of United States law occurred; and/or,

(iii) Federal Criminal Rule 1(b)(9), which corroborates that §5 "United States defined....in a territorial sense" are the federal states defined, include District of Columbia, any commonwealth, territory or insular of the United States" limits the district courts of the United States 18 USC §3231 jurisdiction for the alleged violations in the indictments to the federal "states" stated and does not mean to include a state of the United States in which the alleged violations occurred; and/or,

(iv) Title 18 USC §7 "....Territorial Jurisdiction", the jurisdiction of the United States referenced in §5 qualifies

3.

the 18 USC §3231 jurisdiction for the "district courts of the United States, as is corroborated by FCrRP Rule 54(c) "Act of Congress", is for federal statutes as defined, "includes any act of Congress locally applicable to and in force in District of Columbia, Puerto Rico, in a territory or insular possession", but does not mean to include the federal statutes alleged that the plaintiffs violated in the defendant courts' respective judicial districts; and/or,

(v) FCrRP Rule 1(a)(1) et seq., and with specificity, Rule 1(a)(2) through (4), had no provision to adjudicate a "proceeding" of the federal statutes for which the plaintiffs are alleged to have violated and/or, for a proceeding other than one that has been "removed" from a "state" as defined by Rule 1(b)(9); and/or,

(vi) Title 18 USC §3041, "power of Courts", specifies that the United Stated Judges of the defendant courts must utilize the Federal Criminal Rules as "promulgated by the Supteme Court" in the adjudication of the subject indictments and when those Rules are considered and/or applied to the instant actions, the Federal Criminal Rules, per se, deprived the defendant courts of subject matter jurisdiction; and/or,

(vii) Because the plaintiffs did not enter a plea of guilt, pursuant to 18 USC §3673, they were never "found guilty" - which therefore, by law of §3551 and §3581, the plaintiffs' sentences were not "Authorized Sentence(s)" and the imposition of incarceration in a federal prison was done under color of law.

## IV.  RELIEF SOUGHT

9.   Incorporating paragraphs 1 through 7 by reference

as if fully set forth herein, plaintiffs seek the Declaratory Relief Judgment as follows:

(i) Declare that the defendant courts, by Public Law (#_____), are not the same "district courts of the United States" as referenced in 18 USC §3231, but derive their authority for jurisdiction from the Judiciary Act of 1789, thus lacked subject matter jurisdiction to adjudicate the subject indictments; and/or,

(ii) Irrespective of whether the defendant courts had "18 USC §3231 jurisdiction, 18 USC §§5 and 7, as corroborated by FCrRP Rules 1(b)(9) and 54(c) "Act of Congress" limits and qualifies the federal statutes for which the plaintiffs are convicted to be justiciable only in the federal states defined by those statutes and Rules, thus the defendant courts lacked subject matter jurisdiction to have adjudicated the subject indictments; and/or,

(iii) By Public Law (#_____), the statutory jurisdictional authority for the defendant United States District Courts was promulgated by Congress to be the same or interchangeable with the jurisdictional authority of the district courts of the United States as referenced in 18 USC §3231 to adjudicate the violations of federal statutes for which the plaintiffs are convicted and in the defendant courts' judicial districts; and/or,

(iv) As did the National Prohibition Act pursuant to the 18th Amendment of the United States Constitution granted the federal courts the authority to enforce that "Act" in the states of the United States, Public Law (#_____) granted the defendant courts the statutory authority, thus jurisdiction to

5.

adjudicate the subject indictments stated above; and/or,

(v) Declare that no Public Law, nor Statutory Authority that supersedes that the federal statutes for which the plaintiffs are convicted exists which granted the defendant courts subject matter jurisdiction as alleged by the United States Attorney in the subject indictments.

## V. VERIFIED COMPLAINT

8. The plaintiffs Gerald L. Rogers and R.D. Ryno Jr., respectively swear under the penalty of perjury that the factual allegations made in this complaint for declaratory relief together with the statutes and rules cited are true and correct.

Done in the cities of Anthony and Seagoville Texas on or before November 29, 2006 -

Declarant and Plaintiff

*[signature]*
Gerald L. Rogers

Declarant and Plaintiff

*[signature]*
R.D. Ryno jr.