UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD L. ROGERS,<br>FCI Sheridan<br>P.O. Box 6000 Sheridan OR 97378 | CASE # 1:06cv-01010 (EGS) |
| R.D. RYNO Jr.<br>FCI Seagoville<br>P.O. Box Seagoville TX 75159 | |
| Plaintiffs, | SECOND AMENDED COMPLAINT |
| v. | |
| UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLORADO | |
| UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF<br>TEXAS, | |
| UNITED STATES ATTORNEYS<br>FOR THE DISTRICTS OF COLORADO,<br>and NORTHERN DISTRICT OF TEXAS, | |
| Defendants. | |

PLAINTIFFS NAMED ABOVE ALLEGE:

I. JURISDICTION

1. This action arises from the named defendants acting in either in their individual capacities and/or in concert when they violated the Administrative Law Act of Title 5 USC §706(2)(A)(C), as hereinafter more fully appears.

II. PARTIES TO ACTION

2. Plaintiff Gerald L. Rogers was under color of law, indicted, prosecuted, convicted and sentenced to a federal prison for the federal statute violations alleged in United States v. Rogers 84-CR-337.

3. Plaintiff R.D. Ryno Jr., was under color of law, indicted, prosecuted, convicted and sentenced to a federal prison for federal statute violations alleged in United States

v. Ryno Jr., 95-CR-357.

4. Defendant United States District Court for the District of Colorado 901 19th Street Denver CO 80294, (defendant court), adjudicated the 84-CR-337 indictment, and sentenced plaintiff Rogers to 25 years in a federal prison.

5. Defendant United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, TX 75242 adjudicated the 95-CR-357 indictment, convicted and sentenced the plaintiff Ryno to 8 years in a federal prison.

6. Defendant United States Attorney 1225 17th Street, Denver CO 80202 and defendant United States Attorney 1100 Commerce Street Dallas TX 75242, represented the United States of America to under color of law to have indicted and prosecuted the plaintiffs in their respective districts.

### III. CAUSE OF ACTION

#### A. Standing

7. When the defendant U.S. Attorneys (1) prevailed on federal grand juries to return the referenced indictments for violations of Title 18 statutes that (2) were cognizable only in the federal states defined by Federal Criminal Rules 1(b)(9) and 54(c) "Act Of Congress" and (3) thereafter prosecuted and convicted the plaintiffs in the defendant courts, which also lacked both statutory authority and subject matter jurisdiction as is evidenced by the Judiciary Act of 1789, Title 18 USC §§5, 7 and §3231, acting individually and/or in concert, were contemporaneously in violation of the Administrative Law Act of Title 5 USC §706(2)(A) and/or (C) that has substantially affected the plaintiff's constitutional rights to freedom.

**B. Issues of Controversy**

8. The plaintiffs allege that under color of law the named defendants acting individually, separately and/or in concert with each other violated the Administrative Law Act of Title 5 USC §706(2)(A)(C) when without either constitutional or statutorial authority indicted, prosecuted, convicted and incarcerated the plaintiffs for federal statutes that were not cognizable in their respective judicial districts, based on the following:

9. Title 18 USC §3231 specifies that criminal proceedings jurisdiction shall be in the "district courts of the United States" with no provision for jurisdiction in the defendant United States District Courts - see "1948 Amendment" of JUdicial Code.

10. Title 18 USC §5 "United States defined - The term United States as used in this title (18) in a territorial sense" limits both the U.S. Attorney and court defendants statutory authority to indict, grant jurisdiction and prosecute all Title 18 violations for which the plaintiffs are convicted as described by. Federal Crimnal Rules of Procedures (FCrRP) Rule 54(c) "Act of Congress", only in the federal states therein defined.

11. FCrRP Rule 1(b)(9), which corroborates the §3231 jurisdiction for the "district courts of the United States" is limited to the federal states defined, "includes District of Columbia, in any commonwealth, territory or possession of the United States, but makes no provisions for the alleged violations of federal statutes for which the plaintiffs are convicted to have been adjudicated by the defendant courts.

12. Title 18 USC §7 "....Territorial Jurisdiction, the jurisdiction of the United States referenced in §5 qualifies

3.

the 18 USC §3231 jurisdiction for the "district courts of the United States, as is corroborated by FCrRP Rule 54(c) "Act of Congress", is for federal statutes as defined, "includes any act of Congress locally applicable to and in force in District of Columbia, Puerto Rico, in a territory or insular possession", but does not mean to include the federal statutes alleged that the plaintiffs violated in the defendant courts' respective judicial districts; and/or,

13. FCrRP Rule 1(a)(1) et seq., and with specificity, Rule 1(a)(2) through (4), had no provision to adjudicate a "proceeding" of the federal statutes for which the plaintiffs are alleged to have violated and/or, for a proceeding other than one that has been "removed" from a "state" as defined by Rule 1(b)(9); and/or,

14. Title 18 USC §3041, "power of Courts", specifies that the United Stated Judges of the defendant courts must utilize the Federal Criminal Rules as "promulgated by the Supteme Court" in the adjudication of the subject indictments and when those Rules are considered and/or applied to the instant actions, the Federal Criminal Rules, per se, deprived the defendant courts of subject matter jurisdiction; and/or,

15. Because the plaintiffs did not enter a plea of guilt, pursuant to 18 USC §3673, they were never "found guilty" - which therefore, by law of §3551 and §3581, the plaintiffs' sentences were not "Authorized Sentence(s)" and the imposition of incarceration in a federal prison was done under color of law.

## IV. JUDGMENT AND ORDER SOUGHT

Incorporating paragraphs 1 through 15 by reference as if fully set forth hereing, plaintiffs requests that the Court finds, rules and orders that the named defendants, United States District Courts and United States Attorneys violated the Administrative Law Act of Title 5 USC §706(2)(A) and/or (C) as follows:

1) that the defendants lacked statutory authority to have prevailed on a federal grand jury to indict the plaintiffs and thereafter to grant jurisdiction to prosecuted, convict and incarcerate the plaintiffs for the federal statutes alleged to have been violated in the defendants respective judicial districts; and/or,

2) that because the defendant U.S. Attorneys lacked statutory under Title 18 to have had the plaintiffs indicted, prosecuted and thereafter sentenced and placed in a federal prison, it constituted an "arbitrary, capricious abuse of process, not in accordance with law"; and/or,

3) that because the Title 18 statutes and rules deprived the defendant United States District Courts subject matter jurisdiction, the courts grant of jurisdiction for the U.S. Attorneys' to prosecute was a "usurpation of judicial power"; and/or,

4) that because the defendants lacked either statutory authority or subject matter jurisdiction, (1) the plaintiff's respective indictments are ordered to be dismissed and (2) the defendant courts' respective judgment and commitment order are hereby found to be void, **ab initio.**

5.

## V. VERIFIED COMPLAINT

The plaintiffs, Gerald L. Rogers and R.D. Ryno Jr, swear under the penalty of perjury that the factual allegations made in this complaint for declaratory and habeas relief are true and correct.

Done in the City of Seagoville Texas on the 15 day of February, 2007.

Declarant and Plaintiff

*[signature]*

Gerald L. Rogers

Declarant and Plaintiff

*[signature]*

R.D. Ryno Jr.