UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                   )
GERALD L. ROGERS and                )
R.D. RYNO, JR.,                     )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )  Civil Action No. 06-1010 (EGS)
                                    )
UNITED STATES DISTRICT COURT        )
FOR THE DISTRICT OF COLORADO,       )
et al.                              )
        Defendants.                 )
_____ )
```

**MEMORANDUM OPINION**

Pending before the Court is plaintiffs' Motion for Leave to File Second Amended Complaint. Upon consideration of the motion for leave to file and the underlying merits of the case, the Court **grants** the Motion for Leave to File Second Amended Complaint. Having considered the Second Amended Complaint, however, the Court *sua sponte* **dismisses the entire case with prejudice** for failure to state a claim upon which relief can be granted.

I.   BACKGROUND

The Second Amended Complaint alleges that the plaintiffs' indictments, prosecutions, convictions, and sentences were improper because the defendant district courts did not have statutory or constitutional jurisdiction over the criminal proceedings that led to plaintiffs' convictions. Plaintiffs seek a declaratory judgment that the defendant courts lacked either

statutory authority or subject matter jurisdiction over their criminal cases.  Plaintiffs also ask that their indictments be dismissed and the judgment and commitment orders issued be declared void ab initio.  In their Second Amended Complaint, plaintiffs also assert a violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, arguing that the U.S. Attorneys' Offices that prosecuted them lacked statutory authority to do so under Title 18.  This violation of the APA is premised on the alleged underlying lack of authority of the defendant United States district courts to preside over cases involving violations of federal statutes.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a case for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  Dismissal is not appropriate unless the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "Because a court can fully resolve any purely legal question on a motion to dismiss, there is no inherent barrier to reaching the merits at the 12(b)(6) stage."  *Marshall Co. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993). Moreover, complaints may be "dismissed, *sua sponte*, if need be,

under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.'" *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam)).

### III. ANALYSIS

Because the Federal Rules of Civil Procedure require that leave to amend complaints be "freely given when justice so requires," Fed. R. Civ. P. 15, and because the Court has considered the allegations in the Second Amended Complaint in evaluating the merits of the case, the Court grants plaintiffs' motion for leave to file their Second Amended Complaint. The Court finds however that plaintiffs' claims are legally frivolous and therefore appropriate for *sua sponte* dismissal under Rule 12(b)(6).

Plaintiffs' reading of the Federal Criminal Code and the Federal Rules of Criminal Procedure lead them to the legally baseless conclusion underlying their complaint that the United States District Court for the District of Colorado and the United States District Court for the Northern District of Texas are not "district courts of the United States" within the meaning of 18 U.S.C. § 3231 and therefore did not have jurisdiction over their criminal cases. They further read Rule 1 of the Federal Rules of Criminal Procedure to limit the application of the Federal Rules only to "federal states," including the District of Columbia but

not including any territory within the individual states. Plaintiffs therefore allege that the Federal Rules do not apply to any district courts found in any of the fifty states of the United States.

Section 3231 of Title 18 of the United States Code provides that the "district courts of the United States shall have original jurisdiction, exclusive of the Courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The United States District Courts for the Northern District of Texas and District of Colorado are properly constituted district courts under Article III and federal statutes. *See* U.S. Const. art. III, § 1 ("The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish."); 28 U.S.C. § 132(a) ("There shall be in each judicial district a district court which shall be a court of record known as the United States District Court for the district."); 28 U.S.C. § 124 (dividing Texas into four judicial districts, including the Northern District); 28 U.S.C. § 85 ("Colorado constitutes one judicial district."). Accordingly, these courts have jurisdiction over all offenses against the laws

of the United States, including the offenses for which plaintiffs have been convicted.[1]

Federal Rule of Criminal Procedure 1 provides that the Federal Rules govern the "procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States." Fed. R. Crim. P. 1.  This means that the federal rules governing indictments, grand juries, and prosecutions apply.  Plaintiffs do not allege any violations of these rules.  Rather, they allege that the Rules are not applicable in the defendant district courts.  As discussed above, these district courts are properly constituted within the meaning of the Constitution and federal statutes.  Accordingly, the Federal Rules of Criminal Procedure govern proceedings in these courts.

The district courts had jurisdiction over plaintiffs' criminal cases and plaintiffs make no allegations that the courts or the relevant U.S. Attorneys' Offices violated any statutes or constitutional protections other than those tied to the alleged lack of jurisdiction of the district courts over Title 18 offenses.  Accordingly, plaintiffs have stated no claim upon which relief can be granted.

---

[1] Plaintiffs admit in their Second Amended Complaint that they were convicted for violations of federal statutes.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants plaintiffs' motion to amend their complaint and, *sua sponte*, **dismisses plaintiffs' case with prejudice.** The Court directs the Clerk of the Court to enter judgment against the plaintiffs and in favor of the defendants. An appropriate order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**April 10, 2007**